# NBA Photos
A Division of NBA Entertainment

As of October 1, 1995

Mr. Dick Raphael
Dick Raphael Associates
239 Causeway Street
Boston, MA 02114

Dear Dick:

    While we continue to finalize the contract which will fully memorialize our agreement, this letter is intended to confirm certain key terms of our agreement. The parties agree that all work done by you for NBA Photos is "work for hire" as an independent contractor for NBA Photos, and that NBA Photos will retain the copyright in and to all photographs taken by you pursuant to our agreement (the "New Materials"). You will be paid $300 per day in connection with all assignments you perform for NBA Photos. You will be permitted to supply to the Boston Celtics only copies of photographs of Boston Celtics games that are taken by you for NBA Photos. In addition, you hereby assign to NBA Photos the copyright and all of your other rights in and to all photographs and other materials involving NBA game action which have ever been taken by you, as well as any other photographs and other materials involving current or former NBA players, coaches or personalities which have ever been taken by you (collectively, the "Old Materials"), provided, however, that such assignment will not take effect until your death. Upon execution of this letter, you will provide NBA Photos with such of the Old Materials as NBA Photos shall select. NBA Photos shall catalog and bar-code such of the Old Materials as it selects and shall send you a set of duplicates that you may retain for your files. Without in any way limiting the rights of NBA Photos with respect to the Old Materials, you may select a limited number of "AAA" Old Materials (not to exceed two hundred fifty (250) photographs) for which you will be entitled to retain the originals and NBA Photos shall receive the duplicates, provided, however, that (i) NBA Photos will have access to such originals upon its request and (ii) such originals will be permanently stored in the NBA Photos archive upon your death.

    In consideration for the rights granted to it herein, NBA Photos agrees to share equally all of the net revenue collected from the licensing of the Old Materials and the New Materials after the following expenses have been deducted from the gross revenue collected by NBA Photos: expenses for (i) film, (ii) processing of film and (iii) supplies which have been provided or reimbursed by NBA Photos ("Net Revenues"). The parties specifically agree that NBA Photos shall be the exclusive licensor of the Old Materials

450 Harmon Meadow Boulevard · Secaucus NJ 07094 · (201) 865-1500 · Fax: (201) 865-2629 · Telex: 827581744 (Easylink)

Mr. Dick Raphael
As of October 1, 1995
Page Two

and the New Materials, it being understood that nothing contained herein shall prevent Dick Raphael Photography from manufacturing, distributing and selling the Old Materials only as specifically permitted pursuant to the Retail Product License Agreement dated as of April 1, 1996 between NBA Properties, Inc. and Dick Raphael Photography. In addition, as we agreed, no revenues will be due to you for any use of the Old Materials or the New Materials for promotional or publicity purposes by NBA Properties, Inc., the NBA, NBA member teams, sponsors of NBA member teams or NBA Photos, such uses to include, but not be limited to, game and event programs, promotional and/or editorial content on the NBA-licensed Web site or NBA-licensed publications (e.g., Hoop and Inside Stuff Magazine). In connection with the licensing of such Old Materials and New Materials, NBA Photos will pay you an advance of $30,000 (the "Advance") within thirty (30) days of your execution of this letter agreement, such Advance to be applied against all future revenue due to you from the licensing of the Old Materials and New Materials. Subject to recoupment of the Advance by NBA Photos, upon your death, NBA will share equally with your estate (upon notification and documentary evidence satisfactory to NBA Photos) all Net Revenues for a period of twenty-five (25) years after your death.

These and the remaining terms of our agreement will be more fully reflected in the contract referred to above, and the parties agree to finalize and execute such written contract as soon as possible.

If your understanding of our agreement coincides with the foregoing, please countersign where indicated below and return a copy of this letter agreement to me.

Very truly yours,

NBA PHOTOS

By: _____
Carmin Romanelli

AGREED TO AND ACCEPTED:

PHOTOGRAPHER
_____
Dick Raphael

# SEEGEL LIPSHUTZ & WILCHINS, P.C.
## ATTORNEYS AT LAW

RICHARD L. SEEGEL
DAVID M. LIPSHUTZ*
STEPHEN N. WILCHINS
MICHAEL B. COSENTINO**+
DON J.J. CORDELL
JEFFREY P. ALLEN
WILLIAM A. DEVASHER, JR.**
MARK W. MCCARTHY***

MOLLY COCHRAN
IMELDA MONAGHAN
LANA SULLIVAN++**

OF COUNSEL
ERIC B. BRENMAN

May 4, 2004

VIA CERTIFIED MAIL

Mr. Adam Silver
President and Chief Operating Officer
NBA Properties, Inc.
645 Fifth Avenue
New York, NY  10022-5910

RE: NBA Photos Licensing of Photographs Copyrighted by Dick Raphael

Dear Mr. Silver:

      This office represents Dick Raphael, a prominent sports photographer who was the official team photographer for the Boston Celtics from approximately 1970 to 1990. Mr. Raphael is the owner of the copyright on innumerable valuable photographs of the Boston Celtics. NBA Photos has unlawfully licensed certain of those photographs to Ghetty Images, Inc. ("Ghetty"); Ghetty has apparently in turn licensed the photographs to PhotoFile Direct ("PhotoFile"), which has placed said photographs on the internet for sale. These activities are in violation of Mr. Raphael's exclusive copyright rights in those photographs and have caused him a substantial loss of revenue. We are writing to terminate any license that arguably may have been granted to NBA Photos with respect to Mr. Raphael's photographs; to demand that NBA Photos cease and desist from any sales or licensing activity in derogation of Mr. Raphael's exclusive copyrights rights; and to demand an accounting of revenues that NBA Photos has earned due to licensing and sales of Mr. Raphael's photographs.

      Mr. Raphael entered into an agreement with the Boston Celtics in approximately 1970, whereunder (i) the Celtics were granted a limited license to use Mr. Raphael's photographs for "in-house" purposes only (advertising, programs, and brochures), and (ii) Mr. Raphael retained the right to publish, sell, or license his Celtics photographs as he wished without limitation.

WELLESLEY OFFICE PARK, 60 WILLIAM STREET, SUITE 200, WELLESLEY, MASSACHUSETTS 02481-3803
TELEPHONE: 781.237.4400    FACSIMILE: 781.235.2333    WEBSITE: WWW.SLWPC.COM

*ALSO ADMITTED IN PENNSYLVANIA  **ALSO ADMITTED IN NEW YORK  ***ALSO ADMITTED IN FLORIDA
+ ALSO ADMITTED IN DISTRICT OF COLUMBIA

Mr. Adam Silver
5/4/2004
Page 2

In 1995, NBA Photos approached Mr. Raphael with the apparent aim of working out a deal whereunder NBA Photos could license Mr. Raphael's existing photographs, as well as enter into a work-for-hire arrangement with respect to new photographs. Mr. Raphael met with NBA Photos to negotiate this arrangement, and left your organization with hundreds of transparencies of his Celtics photographs. Negotiations resulted in a preliminary letter agreement, dated "as of October 1, 1995" (the "Letter Agreement"), a copy of which is enclosed herewith. The Letter Agreement provides that with respect to the existing photographs (referred to as "Old Materials"), Mr. Raphael would assign copyright in those materials to NBA Photos upon his death, and that during his lifetime and for a period of 25 years after his death, NBA Photos and Mr. Raphael would share equally in revenues produced from licensing of the Old Materials. The Letter Agreement does not expressly grant NBA Photos a license to sell or license Old Materials, and is clearly the product of incomplete negotiations.

Nonetheless, to the extent that the Letter Agreement grants NBA Photos any rights, Mr. Raphael hereby terminates that agreement and any license that may have been granted with respect to his photographs. The context of the Letter Agreement and the basis for negotiations have radically changed: it was of fundamental importance to Mr. Raphael when considering NBA Photo's offer that he be able to continue to sell his old Celtics photographs. Marketing old Celtics photographs has formed a substantial part of Mr. Raphael's income. Since NBA Photos licensed Mr. Raphael's work to Ghetty and to PhotoFile, their sales of Mr. Raphael's photographs on the internet have virtually wiped out Mr. Raphael's own sales, completely undercutting the foundation of the proposed arrangement with NBA Photos. Mr. Raphael has incurred substantial damages as the result of this licensing arrangement, which was completely inconsistent with his understanding when in negotiations with NBA Photos. Mr. Raphael never intended and never agreed to allow a marketing scheme of his photographs that would cause him far more economic harm than benefit.

In addition, Mr. Raphael has not received a full and fair accounting of revenue he was to receive for licensing of his old photographs. Mr. Raphael had been getting accounting statements for a while, but ceased receiving any such statements after April, 2001. Repeated inquiries as to account statements and revenues owed Mr. Raphael have been disregarded.

We therefore demand that NBA Photos:

(i)  immediately terminate its licensing arrangement with Ghetty, PhotoFile, and any other entity it has granted rights to with respect to Mr. Raphael's photographs;

(ii)  notify Ghetty, PhotoFile, and any other licensees that they must immediately cease licensing, marketing, and/or selling any photographs taken by Mr. Raphael, as such actions are in violation of Mr. Raphael's exclusive copyright rights; and

Mr. Adam Silver
5/4/2004
Page 3

    (iii)    provide a full accounting (supported by documentation) of the net revenues Mr. Raphael should have earned pursuant to the Letter Agreement from its inception to the present.

We hope that we can restore Mr. Raphael's rights as exclusive owner of his copyrighted photographs and receive the revenue share due him without resorting to litigation. As you may know, under the U. S. Copyright Act Mr. Raphael would be eligible to receive attorney's fees in addition to statutory and actual damages should he prevail in a lawsuit.

Please contact me as soon as you have reviewed this matter to see if we can resolve this amicably. I would appreciate hearing from you no later than May 25, 2004.

Sincerely,

Jeffrey P. Allen

Enclosure

cc:    Mr. David J. Stern, NBA Properties, Inc. (w/enc.)
       Mr. Dick Raphael

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD RAPHAEL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NBA PROPERTIES, INC., ) <br> GETTY IMAGES (US), INC., and ) <br> PHOTO FILE, INC., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. <br><br> **COMPLAINT AND JURY DEMAND** |

I. Introduction

This is a Complaint for copyright infringement and certain state common-law claims arising out of defendants' use and sale of plaintiff's photographs of the Boston Celtics and other NBA players.

II. Parties

1. Plaintiff Richard Raphael ("Raphael") is an individual residing at 43 Pilgrim Road, Marblehead, Massachusetts. Raphael is a nationally recognized sports photographer.

2. On information and belief, Defendant NBA Properties, Inc. ("NBA Properties") is a New York corporation having a principal place of business at 645 Fifth Avenue, New York, New York 10022-5910. On information and belief, NBA Entertainment, Inc. ("NBA Entertainment"), formerly a separate corporation, is now a division of NBA Properties.

3. On information and belief, Defendant Getty Images (US), Inc. ("Getty") is a New York corporation having a principal place of business at 601 North 34th Street, Seattle, Washington 98103.

4. On information and belief, Defendant Photo File, Inc. ("Photo File") is a New York corporation having a principal place of business at 5 Odell Plaza, Yonkers, New York 10701.

### III. Jurisdiction and Venue

5. This Court has exclusive and original jurisdiction over the subject matter of this action based upon the Copyright Law of the United States, 17 U.S.C. § 101 *et seq.*, as a federal question arising therefrom under 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over the state law claims under the doctrine of pendant jurisdiction.

6. This Court has personal jurisdiction over the defendants pursuant to Massachusetts General Laws chapter 223A §3 (the Long-Arm Statute). Defendant NBA Properties' predecessor-in-interest NBA Entertainment, among other things, met with Raphael in Massachusetts during negotiations concerning assigning the copyright to and licensing of Raphael's photographs, and wrote Raphael a letter addressed to his office in Massachusetts reflecting certain terms the parties had discussed. NBA Properties maintains an Internet web site that sells products (including Boston Celtics products), and on information and belief NBA Properties sells such products to Massachusetts residents.

7. Defendant Getty, among other things, maintains an Internet web site whereunder images, including the photographs at issue here, can be purchased for editorial use by writers and the media. On information and belief, Getty has sold Raphael's photographs to Massachusetts residents and media outlets.

8. Defendant Photo File, among other things, maintains an Internet web site whereunder images, including the photographs at issue here, can be purchased by the general public. On information and belief, Photo File has sold Raphael's photographs to Massachusetts residents.

9. Venue is proper in this district under 28 U.S.C. § 1400(a).

IV. Facts

10. Raphael has been a professional sports photographer since 1964, and has been semi-retired since 2001. Raphael's photographs have been published in *The Boston Globe, The Boston Herald, Life, Esquire, Sports Illustrated, Time, Newsweek, Sporting News*, and in many other national and local newspapers. Raphael is a member of the American Society of Media Photographers, of the National Press Photographers Association, and of the Boston Press Photographers Association.

11. From approximately 1969 to 1990, Raphael was the official team photographer for the Boston Celtics ("the Celtics"), a professional basketball team governed by the National Basketball Association ("NBA"). At the time Raphael became the Celtics team photographer, Raphael and the Celtics entered into an agreement whereunder: (i) the Celtics were granted a limited license to use Raphael's photographs for "in-house" purposes only (Celtics advertising, brochures, programs), and (ii) Raphael retained copyright to the photographs and could publish or sell the photographs for any non-commercial purpose. During this period, Raphael took innumerable photographs of other NBA players in addition to Celtics players.

3

12. Raphael complied in all respects with 17 U.S.C. §101 *et seq.* and all other laws regarding copyright with respect to his photographs of the Celtics and other NBA players (hereinafter "NBA Photographs").

13. In 1989 and 1990 Raphael copyrighted certain of his NBA Photographs that were contained in a book entitled *The Boston Celtics: The History, Legends, and Images of America's Most Celebrated Team* (Addison-Wesley Publishing Company, Inc. 1989) under registration numbers TX-2-907-290, TX-2-940-653, TX-2-940-654. Raphael copyrighted additional NBA Photographs in June, 2005.

14. In 1995 NBA Entertainment approached Raphael and proposed an arrangement whereby NBA Entertainment would license Raphael's NBA Photographs, and copyright to said photographs would be transferred to NBA Entertainment effective upon Raphael's death. During the course of these negotiations Raphael left NBA Entertainment with approximately 100 duplicate transparencies, as well as copies of 40 black and white prints from original negatives, from his library of NBA Photographs.

15. While the parties were engaged in negotiations, NBA Entertainment drafted and Raphael and NBA Entertainment executed a letter dated "As of October 1, 1995" setting forth certain of the terms the parties had been discussing ("the October 1995 Letter"), a true copy of which is attached hereto as *Exhibit A*. The October 1995 Letter provided, *inter alia*, for NBA Entertainment to share equally with Raphael net revenue collected from licensing of Raphael's existing NBA Photographs, and that the copyright to such photographs would be assigned to NBA Entertainment upon Raphael's death. (The October 1995 Letter also provided that any new photographs taken by Raphael in the future would be done as "work for hire" for NBA Entertainment, which

4

would own the copyright to such work.) The October 1995 Letter was by its express terms preliminary, incomplete, and not a final contract between the parties.

16. At the time he executed the October 1995 Letter, Raphael was paid a $30,000 licensing fee in anticipation of the parties finalizing their negotiations and reaching an agreement concerning Raphael's NBA Photographs.

17. Contract negotiations were never consummated, and the parties never executed an agreement with respect to Raphael's NBA Photographs.

18. Raphael has been and still is the sole proprietor of all rights, title, and interest in and to his NBA Photographs.

19. It was understood at the time Raphael was engaged in negotiations with NBA Entertainment that Raphael would continue to sell his photographs directly to the public, as he had always done, through the Internet and other means. Sales of his NBA Photographs from 1970 to the present have provided Raphael with the primary source of his income.

20. From time to time after the October 1995 Letter was executed, Raphael received accounting statements from NBA Entertainment indicating revenue generated from use of his NBA Photographs. The last such accounting statement was received in April, 2001.

21. Raphael continued selling his NBA Photographs after the October 1995 Letter, earning substantial income; Raphael's sales were primarily made through the Internet. Then, beginning in 2001 Raphael's market suddenly dried up, and he could no longer sell his NBA Photographs on the Internet. The reason, he discovered, was that

Raphael's NBA Photographs were now being sold on the Internet in direct competition with him through Getty and Photo File.

22. On information and belief, NBA Entertainment or NBA Properties licensed Raphael's NBA Photographs to Getty, which in turn made such photographs available to writers, journalists, and publishers, including via the Internet at gettyimages.com.

23. On information and belief, NBA Entertainment or NBA Properties also licensed Raphael's NBA Photographs to Photo File, which in turn made such photographs widely available for sale to the public, including via the Internet at photofile.direct.com and photofile.com.

24. Raphael, through his counsel, issued NBA Properties a cease and desist letter dated May 4, 2004, a true copy of which is attached hereto as *Exhibit B*.

25. Nonetheless, Raphael's NBA Photographs continue to this day to be used and sold by NBA Properties, Photo File, and Getty. As a consequence thereof, Raphael continues to suffer great economic harm and has lost control over the sale and marketing of his NBA Photographs.

**COUNT I—COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 501, et seq.**
**(Raphael v. NBA Properties, Getty, and Photo File)**

26. Raphael repeats and incorporates the foregoing allegations as if fully restated herein.

27. Raphael is the current owner of the copyright to a number of photographs of the Celtics and other NBA players. Raphael has not granted a license with respect to said photographs to any of defendants.

28. NBA Properties, Getty, and Photo File have derived revenues from their use, licensing, and sale of Raphael's NBA Photographs, and will continue to publish, license, sell, and derive revenue from said photographs.

29. By virtue of their conduct, NBA Properties, Getty, and Photo File have infringed Raphael's exclusive rights under 17 U.S.C. §106 of the Copyright Act of 1976, and each is an infringer within the meaning of 17 U.S.C. § 501(a).

30. NBA Properties' conduct in so violating Raphael's copyright is and has been willful.

31. As a consequence of defendants' unauthorized conduct, Raphael has suffered irreparable harm and has sustained, and continues to sustain, monetary damages. Raphael has no adequate remedy at law.

### COUNT II—DEMAND FOR AN ACCOUNTING
### (Raphael v. NBA Properties)

32. Raphael realleges and incorporates the foregoing allegations as if fully restated herein.

33. NBA Properties, by way of the October 1995 Letter, was to share equally with Raphael any revenue generated by sales or licensing of Raphael's NBA Photographs.

34. NBA Properties has licensed and sold Raphael's NBA Photographs, and therefore owes Raphael a full accounting of revenue it has received therefrom.

35. NBA Properties has failed to provide Raphael with any accounting concerning its revenue stream from sales or licensing of Raphael's NBA Photographs since April, 2001.

36. NBA therefore owes Raphael a full accounting of all revenue generated from licensing, sales, and publication of Raphael's NBA Photographs.

## COUNT III--QUANTUM MERUIT
### (Raphael v. NBA Properties, Getty, and Photo File)

37. Raphael realleges and incorporates the foregoing allegations as if fully restated herein.

38. Raphael left NBA Entertainment with transparencies and prints of his NBA Photographs, with the understanding that said photographs would only be used pursuant to any agreement the parties might enter into, and that Raphael would be fairly compensated for any agreed-upon uses.

39. NBA Properties, Getty, and Photo File have used said photographs to their benefit and profit, wiping out Raphael's own sales, without fairly compensating Raphael for the market value of said photographs.

40. NBA Properties, Getty, and Photo File have thus been unjustly enriched by their unauthorized use, licensing, and sales of Raphael's NBA Photographs.

## PRAYER FOR RELIEF

WHEREFORE, Raphael demands judgment as follows:

(1) Under Count I,

   (a) that NBA Properties, Getty, and Photo File, and their respective officers, directors, agents, servants, employees, affiliates, subsidiaries, assigns, and all other persons in active concert or participation with them, be enjoined permanently from directly or indirectly infringing the above-referenced copyrights and from causing the infringing photographs to be published, used, sold, licensed, or marketed;

(b) that NBA Properties, Getty, and Photo File be required to deliver up to Raphael all transparencies, prints, and other copies of the infringing photographs in their respective possession or control and to deliver up all electronic or digital storage media and other items used for making such infringing works;

(c) that NBA Properties, Getty, and Photo File be required to remove from their respective Internet web sites and other marketing vehicles all of the infringing photographs;

(d) that NBA Properties, Getty, and Photo File be required to account to Raphael for all profits attributable to their infringement of Raphael's copyrights pursuant to 17 U.S.C. § 504(b);

(e) that judgment be entered against NBA Properties, Getty, and Photo File for

(i) Raphael's actual damages and defendants' profits pursuant to 17 U.S.C. § 504(b);

(ii) statutory damages pursuant to 17 U.S.C. § 504(c), including damages awardable against NBA Properties on a finding that the infringement was committed willfully; and

(iii) Raphael's costs and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

(2) Under Count II, that NBA Properties be ordered to render an accounting to Raphael for all revenues derived from use, sales, or licensing of Raphael's NBA Photographs;

(3) Under Count III, that judgment enter against NBA Properties, Getty, and

   Photo File in an amount representing the fair market value of their sales and use of Raphael's NBA Photographs;

(4) That Raphael be awarded such other and further relief as is just and equitable.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

            Respectfully submitted,

            RICHARD RAPHAEL,
            By his attorneys,

            /s/ Molly Cochran
            Jeffrey P. Allen (BBO#015500)
            Molly Cochran (BBO# 551833)
            Seegel, Lipshutz & Wilchins, P.C.
            20 William St., Suite 130
            Wellesley, MA  02481
            (781) 237-4400

Dated: August 4, 2005

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Richard Raphael

**DEFENDANTS** NBA Properties, Inc, Getty Images US, Inc. and Photo File, Inc.

(b) County of Residence of First Listed Plaintiff: Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number):
Jeffrey P. Allen, Esq.
Molly Cochran, Esq. / Seegel, Lipshutz & Wilchins, P.C.
20 William St.
Wellesley MA 02481-4110  781-237-4400

Attorneys (If Known): 05-11617 MLW

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 USC §101

Brief description of cause: Defendants violated Plaintiff's copyrights in certain photographs

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 3,000,000 injunctive relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: Aug. 4, 2005

SIGNATURE OF ATTORNEY OF RECORD: Molly Cochran

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Richard Raphael v.__
   __NBA Properties, Inc., et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                         YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                         YES ☐    NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                         YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                         YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                         YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                         YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Molly Cochran, Esq. / Jeffrey P. Allen, Esq.__
ADDRESS __Seegel, Lipshutz & Wilchins, P.C., 20 William St., Wellesley MA   Suite 130   02481-4110__
TELEPHONE NO. __781-237-4400__

(Category Form.wpd -5/2/05)