UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RICHARD RAPHAEL,                        )
                                        )
                     Plaintiff,         )    CIVIL ACTION NO.  05-11617MLW
                                        )
v.                                      )
                                        )
NBA PROPERTIES, INC.,                   )
GETTY IMAGES (US), INC., and            )
PHOTO FILE, INC.,                       )
                                        )
                     Defendants.        )
                                        )

## PLAINTIFF AND DEFENDANT-IN-COUNTERCLAIM'S REPLY TO COUNTERCLAIMS

Plaintiff and Defendant-in-Counterclaim Richard Raphael ("Raphael") sets forth

the following as his reply to the Counterclaims filed by NBA Properties, Inc ("NBA").

### Parties

1.      Admitted.

2.      Raphael is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 2.

### Facts

3.      Raphael denies the allegations contained in the first sentence of paragraph 3.

Raphael admits that a true and correct copy of a letter from NBA Entertainment dated

October 1, 1995 is attached as Exhibit A to the Complaint, and otherwise denies the

allegations contained in the second sentence of paragraph 3.

4.    The allegations contained in paragraph 4 purport to state the contents of a written document, which document speaks for itself. Further answering, Raphael denies that the parties entered into any agreement.

5.    The allegations contained in paragraph 5 purport to state the contents of a written document, which document speaks for itself. Further answering, Raphael denies that the parties entered into any agreement.

6.    The allegations contained in paragraph 6 purport to state the contents of a written document, which document speaks for itself. Further answering, Raphael denies that the parties entered into any agreement.

7.    Raphael denies that the parties entered into any agreement, but admits that he delivered to NBA black and white photographs from original negatives, duplicate transparencies from original transparencies, and black and white contact sheets as alleged in paragraph 7.

8.    Raphael admits that NBA paid him $30,000, but otherwise denies the allegations contained in paragraph 8.

9.    Raphael denies that the parties entered into any agreement, but admits the remaining allegations contained in paragraph 9.

10.    Raphael denies that the parties entered into any agreement; is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning licensing of his photographs; admits that NBA sent him certain reports; and is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the information the reports contained.

11.    Raphael denies that the parties entered into any agreement, but admits that NBA requested access to the remainder of Raphael's collection and that Raphael did not provide additional photographs to the NBA.  Raphael otherwise denies the allegations contained in paragraph 11.

12.    Denied.

13.    Denied.

## COUNT I
### (Breach of Contract)

14.    Raphael incorporates his responses to paragraphs 1 through 13 as if fully restated herein.

15.    Denied.

16.    Denied.

17.    Denied.

## COUNT II
### (Breach of Implied-in-Fact Contract)

18.    Raphael incorporates his responses to paragraphs 1 through 17 as if fully restated herein.

19.    Raphael denies that the parties entered into any agreement, but admits that NBA submitted to him the letter attached as Exhibit A to the Complaint.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

## COUNT III
### (Promissory Estoppel)

24.    Raphael incorporates his responses to paragraphs 1 through 23 as if fully restated

herein.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Denied.

## COUNT IV
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

29.    Raphael incorporates his responses to paragraphs 1 through 28 as if fully restated

herein.

30.    Denied.

31.    Denied.

## COUNT V
### (Unfair and Deceptive Acts or Practices M.G.L. ch. 93A)

32.    Raphael incorporates his responses to paragraphs 1 through 31 as if fully restated

herein.

33.    Denied.

34.    Denied.

35.    Denied.

## FIRST AFFIRMATIVE DEFENSE

Each and every count of the Counterclaim fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

NBA has waived the claims set forth in the Counterclaim.

## THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Counterclaim are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

The claims set forth in the Counterclaim are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Counterclaim are barred by the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

If NBA has suffered any damages, said damages are the result of its own negligence or misconduct for which Raphael is not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

NBA is barred from recovery due to its unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

NBA has failed to mitigate its alleged damages.

## NINTH AFFIRMATIVE DEFENSE

Raphael is excused from performance under any alleged agreement due to NBA's material breach thereof.

## TENTH AFFIRMATIVE DEFENSE

No agreement was entered into between NBA and Raphael due to, *inter alia*, a failure of consideration.

## ELEVENTH AFFIRMATIVE DEFENSE

Any alleged agreement between NBA and Raphael is voidable due to NBA's fraudulent or negligent misrepresentations and/or omissions.

## TWELFTH AFFIRMATIVE DEFENSE

The acts complained of did not take place primarily and substantially in the Commonwealth of Massachusetts.

**PRAYER FOR RELIEF**

WHEREFORE, Raphael demands judgment as follows:

(1)     Under Count I of the Complaint,

(a)     that NBA Properties, Getty, and Photo File, and their respective officers, directors, agents, servants, employees, affiliates, subsidiaries, assigns, and all other persons in active concert or participation with them, be enjoined permanently from directly or indirectly infringing the above-referenced copyrights and from causing the infringing photographs to be published, used, sold, licensed, or marketed;

(b)     that NBA Properties, Getty, and Photo File be required to NBA up to Raphael all transparencies, prints, and other copies of the infringing photographs in their respective possession or control and to NBA up all electronic or digital storage media and other items used for making such infringing works;

(c)     that NBA Properties, Getty, and Photo File be required to remove from their respective Internet web sites and other marketing vehicles all of the infringing

photographs;

(d)    that NBA Properties, Getty, and Photo File be required to account to

Raphael for all profits attributable to their infringement of Raphael's copyrights

pursuant to 17 U.S.C. § 504(b);

(e)    that judgment be entered against NBA Properties, Getty, and Photo File for

    (i)    Raphael's actual damages and defendants' profits pursuant to 17

    U.S.C. § 504(b);

    (ii)    statutory damages pursuant to 17 U.S.C. § 504(c), including

    damages awardable against NBA Properties on a finding that the

    infringement was committed willfully; and

    (iii)    Raphael's costs and reasonable attorney's fees pursuant to 17

    U.S.C. § 505;

(2)    Under Count II of the Complaint, that NBA Properties be ordered to render an

accounting to Raphael for all revenues derived from use, sales, or licensing of Raphael's

NBA Photographs;

(3)    Under Count III of the Complaint, that judgment enter against NBA Properties,

Getty, and Photo File in an amount representing the fair market value of their sales and

use of Raphael's NBA Photographs;

(4)    Under Counts I-V of the Counterclaim, that judgment enter against NBA

and in favor of Raphael;

(5)    That Raphael be awarded such other and further relief as is just and equitable.

PLAINTIFF AND DEFENDANT-IN-COUNTERCLAIM HEREBY DEMANDS

A TRIAL BY JURY ON THE COUNTERCLAIM.

Respectfully submitted,

RICHARD RAPHAEL,
By his attorneys,

Jeffrey P. Allen (BBO#015500)
Molly Cochran (BBO# 551833)
Seegel, Lipshutz & Wilchins, P.C.
20 William St., Suite 130
Wellesley, MA  02481
(781) 237-4400

Dated:  November 7, 2005


CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served via regular U.S. mail on Gina M. McCreadie, Esq., Nixon Peabody LLP, 100 Summer Street, Boston, MA  02110 this 7th day of November, 2005.

Molly Cochran

K:\Molly-8300\Raphael-3358-7000\Pleadings\Reply to Counterclaim.doc

8