UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD RAPHAEL, | ) |
| Plaintiff, | ) Civil Action No. 05-CV-11617-MLW |
| v. | ) |
| NBA PROPERTIES, INC., GETTY IMAGES (US), INC., and PHOTO FILE, INC., | ) |
| Defendants. | ) |

## Amended [PROPOSED] PROTECTIVE ORDER
5/21/06

The parties in the above-captioned matter hereby stipulate to the entry of the following Protective Order:

1.  PURPOSE

    The purpose of this Protective Order is to allow the parties to have reasonable access to information from other parties while protecting the trade secret status and/or confidentiality of that information without frequent resort to determinations of discoverability by the Court. Another purpose of this Protective Order is to provide a mechanism for non-parties to this litigation to protect any of their trade secret and/or confidential information which the parties may consider to be relevant to the issues in this case and/or seek to obtain as Discovery Material.

2.  DEFINITIONS

    2.1. Party: "Party" means any of the parties to this action, including all officers, directors, and employees, agents, or representatives of such parties.

    2.2. Discovery Material: "Discovery Material" means any information, document or tangible thing, in hard copy or electronic format, response to discovery requests, subpoenas or

BOS1472159.1

subpoenas duces tecum, deposition testimony or transcript, or declarations or affidavits, including material which is voluntarily produced, and any other similar materials, or portions thereof, furnished, directly or indirectly, by or on behalf of any Party, including any such Party's predecessors, successors, parents, subsidiaries, divisions, and/or affiliated companies under the direction of a Party or its owner(s).

    2.3.    Definition of "Confidential": A party shall designate as "Confidential" those materials which that party in good faith believes constitute or contains trade secrets or confidential information, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

    2.4.    Definition of "Highly Confidential - Counsel Only": A party shall designate as "Highly Confidential – Counsel Only" any confidential information which that party in good faith believes is so highly sensitive that the protections afforded to confidential information herein are not sufficient.

    2.5.    Receiving Party: "Receiving Party" means a Party to this action, including without limitation all directors, officers, employees, agents, and representatives of the Party, that receives Discovery Material from a Producing Party or Stipulating Third Party.

    2.6.    Producing Party: "Producing Party" means a Party to this action, and all directors employees, agents, and representatives of the Party, that produce or otherwise make available Discovery Material to a Receiving Party.

    2.7.    Protected Material: "Protected Material" means any Discovery Material that is designated as "Confidential" or "Highly Confidential - Counsel Only" in accordance with paragraphs 3.1 and 3.2 below, and any copies, abstracts, summaries, or information derived from

such Discovery Material, and any notes or other records regarding the contents of such Discovery Material.

    2.8.    Counsel: "Counsel" means Nixon Peabody LLP with respect to Defendants NBA Properties, Inc., Getty Images (US), Inc., and Photo File, Inc., and Seegal, Lipshutz & Wilchins, P.C. with respect to Plaintiff Richard Raphael, and includes the lawyers of those law firms and any other of their secretarial and other legal assistants and support personnel to whom it is necessary to disclose Protected Material for the purpose of this action.

    2.9.    Expert: "Expert" means an expert and/or consultant retained or employed by either of the Parties to advise or to assist Counsel in the preparation and/or trial of this action. Rules concerning Experts are stated at paragraph 4.5 below.

    2.10.    Stipulating Third-Party: A "Stipulating Third-Party" means a non-Party to this action, including without limitation all directors, employees, agents, and representatives of the non-Party, who stipulates to this protective order and produces or otherwise makes available Discovery Material to a Receiving Party. Stipulating Third-Parties have standing under this Order to bring a claim for violations of this Order's terms against the Parties and any person who has signed a copy of attached Appendix A or Appendix B.

3.    DESIGNATION OF PROTECTED MATERIAL

    3.1.    Designation of Confidential Information: Each page of any document or transcript of oral testimony produced or given in this action that is asserted by the Producing Party or Stipulating Third-Party to contain or constitute Confidential information shall be so designated in writing by such Producing Party or Stipulating Third-Party. Each such document or transcript of testimony shall be clearly and prominently marked on its face with the legend "CONFIDENTIAL" preceded by a letter or letters identifying the Producing Party or Stipulating

Third-Party or other comparable notice. Any page not so marked shall not be subject to the terms of this Order. If the Receiving Party wishes to show non-Confidential portions of a document or transcript containing Confidential information to a person or Party not described below in paragraph 4.2, it shall first redact all pages (or portions of pages) marked as containing Confidential information. The procedure for designation of documents after production is set forth in paragraph 5.4 below. Challenges may be made to the propriety of a Confidential information designation under the procedure set forth in paragraph 6 below.

   3.2. <u>Designation of Highly Confidential - Counsel Only Information</u>: Each page of any document or transcript of oral testimony produced or given in this action that is asserted by the Producing Party or Stipulating Third-Party to contain or constitute Highly Confidential - Counsel Only information shall be so designated by such Producing Party or Stipulating Third-Party. Each such document or transcript of testimony shall be clearly and prominently marked on its face with the legend "HIGHLY CONFIDENTIAL – COUNSEL ONLY" preceded by a letter or letters identifying the Producing Party or Stipulating Third-Party or other comparable notice. Any page not so marked shall not be subject to the terms of this Order. If the Receiving party wishes to show non-Highly Confidential – Counsel Only portions of a document or transcript containing Highly Confidential – Counsel Only information to a person or Party not described below in paragraph 4.3, it shall first redact all pages (or portions of pages) marked as containing Highly Confidential – Counsel Only information. Challenges may be made to the propriety of a Highly Confidential – Counsel Only designation under the procedures set forth in paragraph 6 below.

   3.3. <u>Designation of Non-Paper Media</u>: Any Confidential or Highly Confidential – Counsel Only information produced in a non-paper media (e.g., videotape, audiotape, computer

disk, etc.) may be designated as Confidential or Highly Confidential – Counsel Only by labeling the outside of such non-paper media in accordance with paragraph 3.1 or 3.2 as appropriate. In the event a non-producing party generates any "hard copy," transcription, or printout from any such designated nonpaper media, such party must immediately stamp each page with the designation, if any, found on the outside of the non-paper media and the hard copy, transcription or printout shall be treated accordingly.

    3.4.    <u>Designations of Protected Material</u>: Any person who creates Protected Material based upon or derived from Discovery Material shall label such Protected Material as Highly Confidential - Counsel Only if any of such Discovery Material was so labeled. In other words, the labeling of Protected Material shall be the most restrictive labeling of any Discovery Material upon which the Protected Material is based or from which it is derived. Any Protected Material so labeled will be subject to this Protective Order as though it was Discovery Material and the Producing Party or Stipulating Third-Party of the Discovery Material upon or from which such Protected Material was based or derived shall be deemed to be the Producing Party or Stipulating Third-Party with respect to such Protected Material.

4.    ACCESS TO PROTECTED MATERIAL

    4.1.    <u>General</u>: A record shall be made of the names of the persons to whom disclosure of Protective Material is made (other than to Counsel and outside contractors hired by Counsel to copy, index, sort, or otherwise manage the storage and retrieval of discovery).

    4.2.    <u>Access to Confidential Information</u>: In the absence of written permission from the Producing Party or Stipulating Third-Party or an order of the Court, any Confidential information produced in accordance with the provisions of paragraph 3.1 above shall be used solely for purposes of this litigation between the parties hereto, and shall not be disclosed to or

discussed with any person other than: (a) the Parties; (b) Counsel for the Receiving Party and court reporters taking testimony involving such Confidential information and their support personnel; (c) employees of the Receiving Party; (d) Gerald Krasker, upon his execution of the Acknowledgment attached as Appendix A; (e) any person who can be shown from the face of the document to have authored or received it or who is accused by the Producing Party of having accessed, transferred, or misappropriated it; (f) Experts; (g) the Court; and (h) members of the jury. The name, affiliation and credentials of each Expert must be disclosed to the Producing Party or Stipulating Third-Party prior to his or her review of the Confidential information as provided in paragraph 4.5. Nothing contained in this Order shall affect the right of the Producing Party or Stipulating Third-Party to disclose to anyone Confidential information that it has designated.

  4.3. <u>Access to Highly Confidential - Counsel Only Information</u>. In the absence of written permission from the Producing Party or Stipulating Third-Party or an order of the Court, any Highly Confidential – Counsel Only information produced in accordance with the provisions of paragraph 3.2 above shall be used solely for purposes of this litigation and shall not be disclosed to or discussed with any person other than: (a) Counsel for the Receiving Party and court reporters taking testimony involving such Highly Confidential – Counsel Only information and their support personnel; (b) Gerald Krasker, upon his execution of the Acknowledgment attached as Appendix A; (c) any person who can be shown from the face of the document to have authored or received it or who is accused by the Producing Party of having accessed, transferred, or misappropriated it, subject to the provisions of paragraph 4.4; (d) Experts; (e) the Court; and (f) members of the jury. The name, affiliation and credentials of each Expert must be disclosed to the Producing Party or Stipulating Third-Party prior to his or her review of the Highly

Confidential – Counsel Only information as provided in paragraph 4.5. Under no circumstances shall Highly Confidential – Counsel Only information be made available to the Receiving Party or any other employee, manager, director, agent, independent contractor, or representative of the Receiving Party except as stated in this paragraph. Nothing contained in this Order shall affect the right of the Producing Party or Stipulating Third Party to disclose to anyone Highly Confidential – Counsel Only information that it has designated.

    4.4.    <u>Custody of Protected Material</u>: All documents containing information designated Highly Confidential – Counsel Only and notes or other records regarding that information shall be maintained in the custody of Counsel for the Parties, and no partial or complete copies thereof containing Protected Material designated as Highly Confidential – Counsel Only shall be retained by anyone else at any location, other than an office of Counsel, except that Experts may retain documents on a temporary basis for purposes of study, analysis, and preparation of this case at offices that are not on the premises of a Party. A person who removes Protected Material from the office of Counsel shall maintain it in a manner that limits access to qualified persons and shall record in writing the access of each person by time, date and name.

    4.5.    <u>Experts</u>: A party desiring to have Protected Material of another party or of a non-party designated as Highly Confidential – Counsel Only disclosed to an Expert shall first give written notice to the opposing party or non-party, who shall have five (5) days after such notice is given (plus three (3) days if notice is given by mail) to object in writing. The party desiring to disclose the Protected Material to a proposed Expert shall provide an undertaking, in the form of Appendix B and the curriculum vitae of the proposed Expert and shall include the following information about the proposed outside expert or consultant in the written notice:

        (a)    business address;

  (b)  business title;

  (c)  business or profession;

  (d)  any previous or current relationship (personal or professional) with any of the parties; and

  (e)  any current relationship (personal or professional) with others in the field of asset liability management and related products or services.

No Protected Material designated as Highly Confidential – Counsel Only shall be disclosed to such Expert(s) until after the expiration of the foregoing notice. If, however, during the notice period the party giving notice receives an objection from the opposing party or non-party, there shall be no disclosure of Protected Material designated as Highly Confidential – Counsel Only to such Expert(s), except by further order of the Court. The objection shall include an explanation of the basis of the objection. Consent to the disclosure of Protected Material to a proposed Expert shall not unreasonably be withheld. Upon timely objection, the parties shall within five (5) business days attempt on good faith to resolve the objection and, if they are unable to resolve the objection, the objecting party must seek relief from the court within (5) business days from such attempt. Any Protected Material that is not designated as Highly Confidential – Counsel Only may be disclosed to an Expert only after the Expert signs an Acknowledgement pursuant to paragraph 4.6.

  4.6. <u>Acknowledgment of Protective Order</u>: Before obtaining access to any Protected Material covered by this Protective Order, any person, except for Counsel, who is permitted to have access to Protected Material under this Protective Order must signify assent to the terms of this Protective Order by executing the Acknowledgment attached as Appendix A (or Appendix

B, for Experts), indicating that they have read and understood this protective order and agree to be bound by its terms.

5.    HANDLING OF PROTECTED MATERIAL

    5.1.    Court Reporters' Acknowledgment of Protective Order: Before a court reporter receives any Confidential or Highly Confidential – Counsel Only information, he or she shall have first read this Order and agreed in writing or on the record to be bound by the terms thereof.

    5.2.    Filing Protected Material with the Court: In the event that any Confidential or Highly Confidential – Counsel Only information is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript or other paper filed with the Clerk of this Court, the Confidential or Highly Confidential – Counsel Only document shall be filed and kept under seal by the Clerk until further order of this Court, provided that the complete unredacted documents are furnished to the Court and attorneys for the parties. Any Protected Material filed under seal shall be filed in sealed envelopes upon which shall be endorsed the title of this action, an identification of the nature of the contents of such sealed envelope, the name of the Party filing the materials, the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER," and a statement substantially in the following form: "This envelope contains documents subject to a Protective Order entered in this action. It is not to be opened nor the contents thereof to be displayed, revealed or made public, except by order of the Court." No such sealed envelope shall be opened by anyone other than Court personnel, absent an order from the Court identifying by name the person or persons who may have access to the sealed material and specifically designating which portions of the sealed file may be revealed. A redacted copy of each sealed filing shall be filed for the public record. /s/ MLW 5/21/06

5.3.  <u>Working Copies</u>:  Nothing herein shall restrict a qualified recipient, subject to the provisions of paragraph 3.4, from:  (a) making working copies, abstracts, digests and analyses of such information for use in connection with this action between the parties to the above entitled litigation; or (b) converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

5.4.  <u>Inadvertent Disclosure of Protected Material</u>:  If a Party through inadvertence produces any Protected Material without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Producing Party or Stipulating Third-Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential or Highly Confidential – Counsel Only and should be treated as such in accordance with the provisions of this Protective Order.  The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received.  Disclosure, prior to the receipt of such notice of such information, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order.

5.5.  <u>Examination and Testimony Regarding Protected Material</u>:

(a)  A Party or present employee of a Party may be examined and may testify concerning all Confidential and Highly Confidential – Counsel Only information produced by that Party;

(b)  A former employee of a Party may be examined and may testify concerning all Confidential and Highly Confidential – Counsel Only information produced by that Party which pertains to the period or periods of his or her employment and prior thereto,

except that the rules for disclosure of the Protected Material of a Stipulating Third-Party shall be governed exclusively by paragraph 5.5(d), below;

(c) An independent contractor of a Party (other than a non-testifying litigation consultant) may be examined and may testify concerning all Confidential and Highly Confidential – Counsel Only information produced by that Party which pertains directly to the period or periods of his or her work for the Party, except that the rules for disclosure of the Protected Material of a Stipulating Third-Party shall be governed exclusively by paragraph 5.5(d), below;

(d) An Expert of either Party may be examined and may testify concerning all Confidential and Highly Confidential – Counsel Only information produced by either Party, except that the rules for disclosure of the Protected Material shall be governed exclusively by paragraphs 4.5 and 4.6, above.

(e) A Party wishing to question or depose a non-Party about Protected Material of any other Producing Party or Stipulating Third-Party must first obtain a signed Acknowledgement from such witness in the form attached as Exhibit A. In the case of Protected Material that is designated as Highly Confidential – Counsel Only, a Party wishing to question or depose a non-Party about Protected Material of any other Producing Party or Stipulating Third-Party must first show the document containing such Highly Confidential – Counsel Only matter to counsel for the Producing Party or Stipulating Third-Party and give such counsel an opportunity to object to the disclosure. The Parties shall confer in good faith to resolve any such objections. In the event such objections are resolved, the Highly Confidential – Counsel Only matter may be shown to the witness after obtaining a signed Acknowledgement from such witness in the form attached as Exhibit A. In the event the objection is not resolved,

the Party objecting to the disclosure may file a motion seeking judicial relief within seven (7) days following the dispute, and the Highly Confidential – Counsel Only matter shall not be disclosed to the witness until ordered by the Court.

    5.6.    Designation of Transcript:  Any transcript containing Protected Material not previously properly designated shall be designated as containing such information within thirty (30) days of receipt of the transcript by the Producing Party; absent such designation, the transcript shall not be subject to this Protective Order.

    5.7.    Request for Production in Unrelated Legal Proceedings:  In the event any Receiving Party having possession, custody or control of any Protected Material receives a subpoena or other process or order to produce such information in another unrelated legal proceeding from a non-Party to this action, such Receiving Party shall:  (a) notify by mail the Counsel of the Producing Party or Stipulating Third-Party claiming such Confidential or Highly Confidential – Counsel Only treatment of the document sought by such subpoena or other process or order; (b) furnish these Counsel with a copy of said subpoena or other process or order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party or Stipulating Third-Party whose interests may be affected.  The Producing Party or Stipulating Third-Party asserting the Confidential or Highly Confidential – Counsel Only treatment shall have the burden of defending against such subpoena, process or order.  The Receiving Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Producing Party or Stipulating Third-Party asserting the Confidential or Highly Confidential – Counsel Only treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

5.8. <u>Production by Party of Third Party's Protected Material</u>:  A Party that is in possession of confidential documents of a third party that are responsive to an opposing Party's discovery request shall either produce such documents (with an appropriate designation) or move for a protective order with respect to those documents.

5.9. In the event that a producing party inadvertently produces a document that otherwise is not discoverable for reasons of the attorney-client privilege or work product immunity, or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product immunity and all copies of such inadvertently produced documents shall promptly be returned by the requesting party to the producing party on demand.  Making documents and things available for inspection shall not, by itself, constitute a waiver by the producing party of any claim of confidentiality, or any other right, but delivery of documents and things to a receiving party without either of the confidential designations shall constitute waiver of any claim of confidentiality, <u>except</u> where such delivery resulted from inadvertence or mistake on the part of the producing party and such inadvertence or mistaken delivery is thereafter promptly brought to the attention of the receiving party after discovery by the producing party.  Upon such notice and in return for copies of said documents containing the appropriate confidentiality designation, the receiving party shall return said documents and things and not retain copies thereof, and shall thereafter treat information contained in said documents and any summaries or notes thereof as confidential to the level designated by the producing party.

6. DESIGNATION NOT DETERMINATIVE OF STATUS

There is no obligation to challenge the propriety of a Confidential or Highly Confidential – Counsel Only designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  All challenges to the propriety of a Confidential or Highly

Confidential – Counsel Only designation shall first be made to every Producing Party or Stipulating Third-Party whose rights are affected in writing by letter or other document identifying with specificity the material challenged. Within seven (7) days of such a challenge, the designating party shall substantiate the basis for such designation in writing, or forever waive the protections of this Protective Order with respect to the challenged information. Such challenges shall be resolved in good faith on an informal basis if possible. If the dispute cannot be resolved, the party challenging the designation may seek appropriate relief from this Court. The burden of persuasion or proof shall be on the party claiming confidentiality. In the event any Party files a motion challenging the designation of material as Highly Confidential – Counsel Only by a Producing Party, the prevailing Party on such motion may apply to the Court for an award of expenses, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(4).

7.   RIGHT TO FURTHER RELIEF

Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

8.   AMENDMENT

This Protective Order may not be amended without agreement of Counsel for all Parties including Counsel for all Stipulating Third-Parties in the form of a written stipulation filed with the Court, or by an order of the Court after a duly noticed motion to each Party or Stipulating Third-Party affected.

9.   RIGHT TO ASSERT OTHER OBJECTIONS

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing Discovery

Material called for, and access to such Discovery Material shall be only as otherwise provided by the discovery rules and other applicable law.

10. FINAL DISPOSITION

Within sixty (60) days after final termination of this action, including appeal, or within thirty (30) days after the time for appeals has expired, each Party shall assemble all Protected Material furnished and designated by any other Party and/or Stipulating Third-Party including such materials subject to section 3.4 and such materials provided to Experts, and shall either: (i) return such Protected Material to the Producing Party or Stipulating Third-Party; or (ii) destroy the Protected Material and provide a certificate of destruction. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

11. TERMINATION AND SURVIVAL OF OBLIGATIONS

No restriction imposed by this Protective Order may be terminated, except by a written stipulation executed by Counsel for each Producing Party or Stipulating Third-Party, or by an order of this Court for good cause shown. The termination of this action shall not automatically terminate the obligations specified in this Protective Order.

12. COURT'S ENTRY OF THE PROTECTIVE ORDER

Upon signature by both parties of the proposed protective order and before the Court enters the protective order, the parties agree to exchange information designated Confidential and Highly Confidential – Counsel Only. The parties further agree that should the Court alter the terms of the proposed protective order affecting what material may be designated as Confidential and/or Highly Confidential – Counsel Only, any Protected Material affected by the altered terms shall be returned to the Producing Party within three (3) business days of the

Court's order and shall not be disclosed to any person not permitted to view such material in accordance with paragraphs 4.2 and 4.3 above, absent agreement by the Parties on the treatment of the Protected Material implicated by any such alternations by the Court or absent further order of the Court. ✱

✱ *This Order governs only pretrial matters and may be modified by the court after giving the parties notice and an opportunity to be heard.* —MLW 5/21/R

AGREED AS TO FORM:

Dated: May 16, 2006

NBA PROPERTIES, INC.
GETTY IMAGES (US), INC., and
PHOTO FILE, INC.,

By their attorneys,

/s/ Mark D. Robins
Nicholas G. Papastavros, BBO No. 635742
Mark D. Robins, BBO No. 559933
Gina M. McCreadie, BBO No. 661107
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Tel: (617) 345-1000
Fax: (617) 345-1300

Dated: May 16, 2006

RICHARD RAPHAEL

By his attorneys,

/s/ Molly Cochran (*with permission*)
Jeffrey P. Allen, BBO No. 015500
Molly Cochran, BBO No. 551833
SEEGAL, LIPSHUTZ & WILCHINS, P.C.
20 William Street, Suite 130
Wellesley, MA 02481
Tel: (781) 237-4400

SO ORDERED:

Dated: May 21, 2002

_____
Mark L. Wolf, Chief Judge
U.S. District Court for the District of Massachusetts

16

## APPENDIX A

## CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that:

(i) I have read the Protective Order entered in the action presently pending in the U.S. District Court for the District of Massachusetts entitled Richard Raphael v. NBA Properties, Inc., Getty Images (US), Inc., and Photo File, Inc.;

(ii) I understand the terms of the Protective Order;

(iii) I agree, upon threat of penalty of contempt and other civil remedies, to be bound by its terms; and

(iv) I irrevocably submit my person to the jurisdiction of the U.S. District Court for the District of Massachusetts for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED:_____

_____
Signature

_____
Name

_____
Present Employer

_____
Title/Occupation

_____
Address

_____
City            State            ZIP

_____
Telephone Number

17

APPENDIX B

CONFIDENTIALITY AGREEMENT
(For Experts)

I, _____, hereby acknowledge that:

(i) I have read the Protective Order entered in the action presently pending in the U.S. District Court for the District of Massachusetts entitled Richard Raphael v. NBA Properties, Inc., Getty Images (US), Inc., and Photo File, Inc.;

(ii) I understand the terms of the Protective Order;

(iii) I agree, upon threat of penalty of contempt and other civil remedies, to be bound by its terms; and

(iv) I certify that I am not a competitor to any Party or Stipulating Third-Party to this action, or a consultant for, or employed by, such a competitor with respect to the specific subject matter of this case;

(v) I understand that I am to maintain all copies of any Protected Material that I receive in a container, cabinet, drawer, room or other safe place in a manner consistent with this Protective Order, and that all copies are to remain in my custody only until I have completed my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party or Stipulating Third-Party. Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by said Protective Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order; and

(vi)   I irrevocably submit my person to the jurisdiction of the District Court for the District of Massachusetts for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED:_____

_____
Signature

_____
Name

_____
Present Employer

_____
Title/Occupation

_____
Address

_____
City          State          ZIP

_____
Telephone Number