Richard Raphael,                    )
                    Plaintiff       )
                                    )
            v.                      )      C.A. No. 05-11617-MLW
                                    )
NBA Properties, Inc.,               )
Getty Images (US), Inc., and        )
Photo File, Inc.,                   )
                                    )
                    Defendants      )

MEMORANDUM AND ORDER


WOLF, D.J.                                    June 28, 2006

        The court has considered the defendants' Motion to Transfer

Venue pursuant to 28 U.S.C. §1404.  For the following reasons,

the motion is being denied.

        This case involves a claim for copyright infringement and

certain state common-law claims arising out of an alleged 1995

licensing agreement between the plaintiff Richard Raphael and one

of the defendants, NBA Properties.  The plaintiff is a

Massachusetts resident and the defendants are New York

corporations.

        The party seeking transfer of venue has a heavy burden,

because "there is a strong presumption in favor of the

plaintiff's choice of forum."  Cody v. Ashcraft & Geral, 223 F.3d

1, 11 (1st Cir. 2000).  As this court has previously held,

convenience of witnesses is the most important factor in deciding

a motion to transfer.  Brant Point Corp. v. Poetzsch, 671 F.Supp.

2,3 (D. Mass. 1987).  Under this factor, "the Court must consider

1

not only the number of potential witnesses located in the [two] districts, but also the nature and quality of their testimony." Id.

In the instant case, the convenience of witnesses factor tilts in favor of the plaintiff.  The defendants point to six witnesses all residing in the New York metropolitan area, five of whom are senior management in either NBA Photos or NBA Properties, and one who is a manager at Photo File.  These witnesses will most likely testify about the events leading to the formation of the licensing agreements at issue in this case. All five are doubtless important witnesses whose testimony will be of central importance to this case.

On the other hand, the plaintiff Raphael resides in Massachusetts, is 67 years old, suffers from diabetes and hypertension, and represents that it is difficult for him to travel.  He also represents that he earns around $10,000 per year and that the attorney who represented him in connection with the negotiations with the NBA, Gerald Krasker, currently resides in Massachusetts and Florida.  It appears that Raphael and Krasker's testimony will be very important to this case, and it is at the very least as inconvenient for them to travel to New York as it is for the defendants' witnesses to travel to Boston.  Therefore, even if the defendants are correct that Raphael has recently traveled to the Super Bowl and that he is financially

comfortable, they fail to show that the inconvenience to their witnesses outweighs the inconvenience to the plaintiff's equally important witnesses. "Transfer of venue is inappropriate...where its effect merely shifts the inconvenience from one party to another." Holmes Group, Inc. v. Hamilton Breach/Proctor Silex, Inc., 249 F.Supp.2d 12, 16 (D.Mass. 2002). Thus, the defendants have not met the heavy burden needed to overcome the plaintiff's choice of venue.

The defendants also argue that the activities giving rise to this litigation took place in the New York metropolitan area and that almost all of the relevant documents are located in New York City and New Jersey. While many of the activities giving rise to the dispute did take place in New York, some also took place in Seacaucus, New Jersey, and some negotiations took place in Massachusetts. In addition, while many documents are located in New York, it is unclear how the defendants will be significantly burdened or inconvenienced by the location of the documents if the case proceeds in Massachusetts rather than in New York. Many documents will need to be moved from New Jersey regardless of whether they are taken to New York or to Boston. See Ashmore v. Northeast Petroleum Division of Cargill, Inc., 925 F.Supp. 36, 39 (D.Me. 1996).

The defendants also assert that the case should be transferred to the Southern District of New York because New York

3

law is highly likely to govern the contracts at issue in the
litigation.  While this may be the case with the common law
claims, the complaint also alleges a federal trademark
infringement claim. Moreover, some courts have held that "the
application of the law of another state is of no consequence when
considering a motion to transfer."  See e.g. Demont & Assoc. v.
Berry, 77 F.Supp. 2d 171, 174 (D. Me. 1999).  In any event, if
necessary, this court is capable of applying New York law.

    The defendants also argue that this case should be
transferred to New York because a subsequent agreement between
the parties in 1998 had a clause designating New York as the
forum for resolving all disputes.  However, the complaint does
not mention this 1998 agreement, and it is not clear at this
point that it is at issue in this case.  The alleged 1995
agreement, which is at issue in this case, does not contain a
forum selection clause.

    Finally, from a practical standpoint, the interests of
justice do not demand that this case be transferred to New York.
The National Basketball Association has substantial resources and
has a franchise located in Boston. It will not suffer a
significant inconvenience if some of its employees must make the
short trip from New York to Boston.  When the defendants have
previously traveled from New York to Boston for negotiations, "it
is not a hardship to travel from New York to Boston in order to

4

appear for a civil trial." <u>Veryfine Products, Inc. v. Philo Corp.</u>, 124 F.Supp.2d 16, 26 n.7 (D. Mass. 2000).

Accordingly, it is hereby ORDERED that:

1.  Defendants' Motion to Transfer Venue (Docket No. 6) is hereby DENIED.

2.  A Scheduling Conference will be held on September 8, 2006, at 4:00 p.m.  The parties shall comply with the attached order concerning that conference.

<u>/s/ Mark L. Wolf</u>
UNITED STATES DISTRICT JUDGE

5

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

RICHARD RAPHAEL                               CIVIL ACTION
                                                      NO.   05-11617-MLW  

                 V.

NBA PROPERTIES, INC.      

### NOTICE OF SCHEDULING CONFERENCE/MOTION HEARING

An initial scheduling conference will be held in Courtroom No. __10__ on the __5__ floor at 4:00 p.m. on SEPTEMBER 8, 2006 , in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1. The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of Local Rule 16.1[1] to be of the utmost importance. Counsel may be given a continuance only if actually engaged on trial. Failure to comply fully with this notice and with sections (B), (C), and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3. Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

June 30, 2006                                        /s/ Mark L. Wolf
        Date                                         United States District Judge
                                   By:   /s/ Dennis O'Leary
                                            Deputy Clerk

---

[1] These sections of Local Rule 16.1 provide:

     (B) Obligation of counsel to confer. Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty-one (21) days before the date for the scheduling conference for the purpose of:

     (1) preparing an agenda of matters to be discussed at the scheduling conference,

     (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and

     (3) considering whether they will consent to trial by magistrate judge.

     (C) Settlement proposals. Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten (10) days before the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

     (D) Joint statement. Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

     (1) a joint discovery plan scheduling the time and length for all discovery events, that shall

          (a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

          (b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

     (2) a proposed schedule for the filing of motions; and

     (3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:

          (a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and

          (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

     To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate. To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference. The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps. The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.