UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD RAPHAEL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-CV-11617-MLW |
| v. ) | |
| ) | |
| NBA PROPERTIES, INC., ) | **REQUEST FOR ORAL ARGUMENT** |
| GETTY IMAGES (US), INC., and ) | |
| PHOTO FILE, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR LEAVE TO SERVE FIFTEEN
ADDITIONAL INTERROGATORIES ON PLAINTIFF**

Pursuant to Fed. R. Civ. P. 33(a) and Local Rule 26.2(B), Defendants NBA Properties, Inc. ("NBA Properties"), Getty Images (US), Inc. ("Getty Images"), and Photo File, Inc. ("Photo File") (collectively "Defendants"), by and through their counsel, hereby request leave of Court to serve an additional fifteen interrogatories (to the twenty-five already collectively served) on Plaintiff Richard Raphael. In support of this motion, Defendants rely on the accompanying memorandum of law and state:

1. This case involves claims by Mr. Raphael against all Defendants for copyright infringement with respect to numerous photographs taken over the span of decades. NBA Properties has also asserted counterclaims for breach of the contract through which NBA Properties was granted the right to license the photographs at issue.

2. Defendants seek leave to serve an additional fifteen interrogatories on Mr. Raphael requesting information relating to the copyright registrations that he intends to enforce in this action, the nature of the works associated therewith, the use of copyright notices in

connection with such works, and an itemization of revenue Mr. Raphael derived from the use of such works. A true and correct copy of the fifteen additional interrogatories that Defendants' seek leave to serve on Mr. Raphael is attached hereto as Exhibit 1.

3. The total number of interrogatories Defendants seek to serve on Mr. Raphael is within the limit permitted by Fed. R. Civ. P. 33. Rule 33 states that "any *party* may serve upon any other *party* written interrogatories, not exceeding 25 in number. . . ." Fed. R. Civ. P. 33(a) (emphasis added).

4. Furthermore, as set forth in the supporting memorandum, Defendants have proper grounds for seeking leave to serve fifteen additional interrogatories because the proposed discovery sought is consistent with the principles of Fed. R. Civ. P. 26(b)(2).

WHEREFORE, Defendants respectfully request this Court to:

1. Grant the Defendants leave to serve an additional fifteen interrogatories on Mr. Raphael; and

2. Grant such further relief as is just and appropriate.

## REQUEST FOR ORAL ARGUMENT

Defendants hereby request oral argument on the issues raised by this motion.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| NBA PROPERTIES, INC. | NBA PROPERTIES, INC.<br>GETTY IMAGES (US), INC., and |
| /s/ David Denenberg (*w/ permission*)<br>David Denenberg<br>Vice President of Legal and Business Affairs | PHOTO FILE, INC.,<br><br>By their attorneys, |
| GETTY IMAGES (US), INC. |  /s/ Gina M. McCreadie |
| /s/ Lizanne Vaughan (*w/ permission*)<br>Lizanne Vaughan<br>General Counsel | Nicholas G. Papastavros, BBO No. 635742<br>Mark D. Robins, BBO No. 559933<br>Gina M. McCreadie, BBO No. 661107<br>NIXON PEABODY LLP<br>100 Summer Street |
| PHOTO FILE, INC. | Boston, MA  02110<br>Tel:  (617) 345-1000 |
| /s/ Keith Holden (*w/ permission*)<br>Keith Holden<br>President and Chief Operating Officer | Fax:  (617) 345-1300 |

Dated:  August 24, 2006

## L.R. 7.1(A)(2) and L.R. 37.1(B) CERTIFICATION

I, Gina M. McCreadie, hereby certify that I spoke to Molly Cochran, counsel for Mr. Raphael, by telephone on August 1, 2006, in which I requested her assent to Defendants' motion for leave of Court to serve fifteen additional interrogatories on Mr. Raphael.  Attorney Cochran stated that she would consider having Mr. Raphael answer additional interrogatories if I sent them to her for her review, which I did, by email, on August 2, 2006.  On August 8, 2006, Attorney Cochran sent me an email stating that they were unwilling to assent to Defendants' request to serve additional interrogatories.  On or around August 10, 2006, I spoke to Attorney Cochran again by telephone in a good faith attempt to resolve and narrow the issues raised in this motion and such a resolution was not reached.

                                               /s/ Gina M. McCreadie
                                                   Gina M. McCreadie

4

**CERTIFICATE OF SERVICE**

   I hereby certify that the foregoing *Defendants' Motion for Leave to Serve Fifteen Additional Interrogatories on Plaintiff*, which was filed electronically with the Court through the Electronic Case Files system, will be sent electronically to registered counsel of record as identified on the Notice of Electronic Filing ("NEF") and a paper copy will be sent via facsimile and overnight delivery on August 24, 2006 to any counsel of record who are not registered on NEF.

                    /s/ Gina M. McCreadie
                      Gina M. McCreadie

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD RAPHAEL,<br><br>                Plaintiff,<br>v.<br><br>NBA PROPERTIES, INC.,<br>GETTY IMAGES (US), INC., and<br>PHOTO FILE, INC.,<br><br>                Defendants. | Civil Action No. 05-CV-11617-MLW |

**DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFF**

Defendant NBA Properties, Inc., Getty Images (US), Inc., and Photo File, Inc. (collectively, "Defendants") hereby propounds the following interrogatories to be answered separately, fully and in writing under oath by Plaintiff Richard Raphael pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33.1 for the United States District Court for the District of Massachusetts.

**INSTRUCTIONS AND DEFINITIONS**

The Instructions and Definitions set forth in *Defendants' First Set of Interrogatories to Plaintiff*, dated February 15, 2006, are specifically incorporated herein.

**INTERROGATORIES**

26.    Identify each person who participated, assisted, or was consulted in the formulation and preparation of Your responses to these interrogatories.

27.    Identify each copyright registration or application You intend to enforce in this action.

10048647.2

28. For each photograph You contend is protected by any copyright registration or application identified in response to Interrogatory No. 27, identify the date on which each such photograph was created.

29. For each photograph You contend is protected by any copyright registration or application identified in response to Interrogatory No. 27, identify the date on which each such photograph was first published.

30. For each photograph You contend is protected by any copyright registration or application identified in response to Interrogatory No. 27, if such photograph or any copy or copies of such photograph were published before March 1, 1989, for each photograph and each copy, identify each publication, medium, and/or person in which such photograph or copy was sold, distributed, and/or made available for sale or distribution (including without limitation the date of publication).

31. For each photograph and any copy or copies of such photograph identified in response to Interrogatory No. 30, describe in detail any copyright notices accompanying said photograph or copy.

32. Identify any communication You had with the U.S. Copyright Office, including without limitation any communication concerning any copyright registration or application identified in response to Interrogatory No. 27.

33. Identify all persons who had any communications with the U.S. Copyright Office concerning any copyright registration or application identified in response to Interrogatory No. 27.

34. For each copyright registration or application identified in response to Interrogatory No. 27, state how many copies of the work were deposited with the U.S. Copyright Office.

35. If You contend that all of the photographs protected by copyright registration VAu-681-332 were not published before July 1, 2005, state the basis for this contention.

36. If any of the works You claim to be protected by copyright registration VAu-681-332 were published before July 1, 2005, state the basis of any contention by You that such registration is valid.

37. If any of the works You claim to be protected by any copyright registration or application identified in response to Interrogatory No. 27 were published before to Your application for such registration, state the basis of any contention by You that such works are not in the public domain.

38. If You contend that any copyright registration or application identified in response to Interrogatory No. 27 protect more than merely the selection and arrangement in any compilation or the new component of any derivative work, state the basis of Your contention.

39. If You contend that the works protected by any copyright registration or application identified in response to Interrogatory No. 27 are not compilations or derivative works, state the basis for Your contention.

40. For each photograph You contend is protected by any copyright registration or application identified in response to Interrogatory No. 27, itemize on an annual basis, by photograph, any revenue You, Dick Raphael Associates, and/or Boston Sports Gallery, Inc. received from the marketing, sale, license, manufacture, promotion, distribution, display, of use of such photograph (and any copies thereof).

Respectfully submitted,

NBA PROPERTIES, INC.
GETTY IMAGES (US), INC., and
PHOTO FILE, INC.

By their attorneys,

_____
Nicholas G. Papastavros, BBO No. 635742
Mark D. Robins, BBO No. 559933
Gina M. McCreadie, BBO No. 661107
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Tel:  (617) 345-1000
Fax:  (617) 345-1300

Dated:  August __, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Defendants' Second Set of Interrogatories to Plaintiff* was served on August __, 2006 via facsimile and first class mail on the following:

Jeffrey P. Allen, Esq.
Molly Cochran, Esq.
Seegal, Lipshutz & Wilchins, P.C.
20 William St.
Wellesley, MA 02481-4110

_____
Gina M. McCreadie

10048647.2

4