**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| RICHARD RAPHAEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-CV-11617-MLW |
| v. | ) | |
| | ) | |
| NBA PROPERTIES, INC., | ) | **REQUEST FOR ORAL ARGUMENT** |
| GETTY IMAGES (US), INC., and | ) | |
| PHOTO FILE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**THEIR MOTION FOR LEAVE TO SERVE FIFTEEN**
**ADDITIONAL INTERROGATORIES ON PLAINTIFF**

Defendants NBA Properties, Inc. ("NBA Properties"), Getty Images (US), Inc. ("Getty

Images"), and Photo File, Inc. ("Photo File") (collectively, "Defendants") submit this

memorandum of law in support of their motion for leave to serve fifteen additional

interrogatories on Plaintiff Richard Raphael.

**INTRODUCTION**

This case involves claims by Mr. Raphael, a retired professional sports photographer,

against all Defendants for copyright infringement with respect to numerous photographs taken

over the span of decades (back to 1964). NBA Properties has also asserted counterclaims for

breach of the contract through which NBA Properties was granted the right to license the

photographs at issue.

Given the large number of photographs involved and the lengthy time period at issue,

Defendants believe that fifteen additional interrogatories (to the twenty-five already collectively

served) will be the most effective and efficient way to obtain discovery of information essential

to the scope of copyright protection and damages.  Specifically, Defendants seek to determine

whether each of the numerous photographs at issue were published, whether any publications

included copyright notices during the time when such notices were required by copyright law,

whether the works were properly registered, and revenue information essential to NBA

Properties' counterclaim for damages.  Merely testing Mr. Raphael's memory at his deposition

will not suffice, and he has not identified alternative sources of discovery from which such

information can be obtained.

As set forth below, although the Local Rules limit each group of aligned parties to

twenty-five interrogatories, the Federal Rules of Civil Procedure afford twenty-five

interrogatories to each party, and the Federal Rule controls.  Furthermore, interrogatories are

particularly well-suited to obtaining the information sought, and Defendants have satisfied the

criteria for seeking leave for additional interrogatories.

Accordingly, Defendants' motion should be granted.

**BACKGROUND**

In the complaint, Mr. Raphael alleges that numerous photographs taken by him between

the years 1964 to 1990 were published in a book entitled, *The Boston Celtics*: *The History,*

*Legends, and Images of American's Most Celebrated Team*, and registered under three different

copyright registrations.  *See* Compl. at ¶ 13.  Mr. Raphael also alleges that certain photographs

were registered in June of 2005.  *See id*.

Notwithstanding these allegations, in response to a request for Mr. Raphael to produce all

registrations he is seeking to enforce, Mr. Raphael has only been able to produce a single

registration obtained in June of 2005.  *See* McCreadie Decl. at Exh. 1 (Reg. No. VAu-681-332).

Section 3 of this registration identifies the year of creation as "1964 – 1990," while Section 4

(which requires the date and nation of the work if previously published) is blank. *See id.* Thus, it is unclear whether this registration for multiple photographs ostensibly unpublished over the course of twenty-six years is for: (i) a collection of unpublished photographs, in which Mr. Raphael is claiming individual protection for each photograph; (ii) a derivative work, in which he is claiming protection for a new work that is derived from one or more preexisting works (which may be excluded from protection of the registration); or (iii) a compilation, in which he is claiming protection for the assembly and arrangement of preexisting works, rather than protection for the underlying works themselves.

Despite Mr. Raphael's failure to disclose in Section 4 information required for published works, it appears that some or all of the photographs at issue were in fact published.[1] Specifically, it appears that one of more of the photographs allegedly registered in June of 2005 were included in the *Boston Celtics* book, which was published in 1989. In addition, Mr. Raphael states in the complaint that his photographs have been published in several newspapers and magazines. *See* Compl. at ¶ 10. Moreover, in response to an interrogatory request, Mr. Raphael stated that the photographs in the *Boston Celtics* book represent preexisting works. *See* McCreadie Decl. at Exh. 3 at 4 (Mr. Raphael's response to Interog. No. 6). Thus, clarification as to how these photographs were registered is needed to determine the scope and validity of the registration.

The validity of this registration may also depend on how many copies of the work were deposited with the Copyright Office. When an unpublished work is registered, the Copyright

---

[1] Mr. Raphael has also used a Short Form VA for his June 2005 registration. A short form may be used only if specific requirements are met, one of which is: "The work is completely new (i.e. does not contain a substantial amount of material that has been previously registered or is in the public domain)." *See* McCreadie Decl. at Exh. 2 (*Instructions for Short Form VA*).

Office requires one copy of the work to be deposited. *See* McCreadie Decl. at Exh. 4 at 5

(*Circular 40a*). When a published work is registered, the Copyright Office requires two copies

of the work to be deposited. *See id.* If a published work is previously registered as an

unpublished work, in which only one copy of the work was deposited, the registration is invalid.

*See* McCreadie Decl. at Exh. 5 at 3 (*Circular 8*). Thus, it is necessary for Mr. Raphael to

identify how many copies of the work were deposited with the Copyright Office.

Further, the fact that certain of the works at issue appear to have been published (despite

Mr. Raphael's failure to disclose that fact on his registration) is important to determining

whether those publications injected any of the photographs into the public domain. The four

copyright registrations identified in the complaint each purport to protect numerous photographs

that were taken over a period of *twenty-six years* (1964-1990). *See* McCreadie Decl. at Exh. 3 at

3. During much of this time period, copyright protection was forfeited if publications of works

were not accompanied by copyright notices. Specifically, for any work published before January

1, 1978 without the proper copyright notice, all copyright protection in the United States was

permanently lost and the work became part of the public domain. *See* McCreadie Decl. at Exh. 6

at 1 (*Circular 3*). For any work published after January 1, 1978, but before March 1, 1989,

without the proper copyright notice, it was possible to preserve the copyright protection only in

limited situations; otherwise such work became part of the public domain five years after

publication. *See id.* at 5. For any work published after March 1, 1989, a copyright notice is not

required. *See id.* Thus, to assess whether any of the works at issue are protected by copyright, it

is necessary to know for each work: (i) the date of creation; (ii) whether such work was

published; (ii) if so, when the work was published; (iii) and whether each publication was

accompanied by the appropriate copyright notice.

Finally, to the extent Mr. Raphael knowingly withheld the fact of publication from the Copyright Office, Defendants may have a defense based on fraud on the Copyright Office.

On January 10, 2006 (before Defendants were aware of the issues identified above), the parties filed a joint discovery report pursuant to Local Rule 16.1(D), in which both parties agreed to be bound by the discovery limitations imposed by the Local Rules and the Federal Rules and that Defendants would collectively serve no more than twenty-five interrogatories. To date, Defendants have collectively served twenty-five interrogatories on Mr. Raphael and Mr. Raphael has served sixty-eight interrogatories on the Defendants. Each of the Defendants have turned their respective organizations upside down searching for information and documents that span the ten-year period during which the contract at issue was in effect to respond to Mr. Raphael's discovery requests, producing over 5,000 pages of documents and approximately 60 pages of interrogatory responses to date. In contrast, Mr. Raphael has produced a mere 500 pages of documents and approximately 17 pages of interrogatory responses.

Defendants now seek leave to serve an additional fifteen interrogatories with the specific purpose of obtaining information concerning the copyright registrations that Mr. Raphael intends to enforce in this action, the nature of the works associated therewith (i.e. derivative work or compilation, published or unpublished), the specific works at issue, the use of copyright notices in connection with such works, and an itemization of revenue Mr. Raphael derived from the use of such works. *See* Exh. 1 attached to this Motion.

## ARGUMENT

### I.    THE TOTAL NUMBER OF INTERROGATORIES THE DEFENDANTS SEEK TO SERVE IS PERMITTED BY FED. R. CIV. P. 33

The total number of interrogatories the Defendants seek to serve is well within the amount permitted by Fed. R. Civ. P. 33.

There are three defendants in this case.  Rule 33 provides that "any *party* may serve upon any other *party* written interrogatories, not exceeding 25 in number. . . ."  Fed. R. Civ. P. 33(a) (emphasis added).  Thus far, Defendants have collectively served twenty-five interrogatories and seek leave for an additional fifteen.

Local Rule 26.1 limits "each *side* (or group of parties with a common interest) to . . . twenty-five (25) interrogatories. . . ."  Local Rule 26.1(C) (emphasis added).  In deference to the Local Rules and in an attempt to minimize discovery, Defendants initially agreed to a collective limit of twenty-five interrogatories.  However, Defendants have now identified several copyright issues on which discovery is needed.  The large number of works at issue, the minimal discovery produced by Mr. Raphael to date, and the limited number of alternative sources for discovery have led Defendants to conclude that additional interrogatories will be the most efficient (and perhaps the only) way to ascertain the information needed to determine the scope and validity of the Mr. Raphael's copyright infringement claim and any damages arising therefrom.

Although Local Rule 26.1 limits interrogatories per side rather than per party, the one reported decision in this District addressing the conflict between the Local Rule's limitation and Rule 33's per party limitation has squarely held that the Federal Rules of Civil Procedure do not allow a court, by local rule, to restrict the number of interrogatories which may be served to a party under Rule 33.  *St. Paul Fire and Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288, 289 (D. Mass. 2003) (finding that the limit on interrogatories imposed by Local Rule 26.1(C) is unenforceable and that three defendants do not need the court's permission to serve a total of seventy-five interrogatories on the plaintiff).  Accordingly, Defendants should be permitted the number of interrogatories allowed by Fed. R. Civ. P. 33.

**II.     TO THE EXTENT LEAVE TO SERVE ADDITIONAL INTERROGATORIES IS REQUIRED, SUCH LEAVE SHOULD BE GRANTED BECAUSE THE PROPOSED DISCOVERY SOUGHT IS CONSISTENT WITH THE PRINCIPLES OF FED. R. CIV. P. 26(b)(2)**

Furthermore, Defendants have proper grounds for seeking leave to serve additional

interrogatories.  *See* Fed. R. Civ. P. 26(b)(2) and 33.

Rule 33 provides that "[l]eave to serve additional interrogatories *shall* be granted to the

extent consistent with the principles of Rule 26(b)(2)."  *See* Fed. R. Civ. P. 33(a) (emphasis

added).  In determining whether leave to serve additional interrogatories shall be granted,

Rule 26(b)(2) instructs the Court to consider whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

*See* Fed. R. Civ. P. 26(b)(2).  As the advisory committee's note explains, leave to serve

additional interrogatories is frequently granted:  "The aim is not to prevent needed discovery, but

to provide judicial scrutiny before parties made potentially excessive use of this discovery

device.  *In many cases, it will be appropriate for the court to permit a larger number of*

*interrogatories in the scheduling order entered under Rule 16(b)*."  Fed. R. Civ. P. 33 advisory

committee's note (1993) (emphasis added); *see* James Wm. Moore, 7 *Moore's Federal Practice*,

§ 33.30[3][a] at 33-38 (3d ed. 2006) (noting that the "[t]he point of requiring leave of court to

serve additional interrogatories is not to curtail necessary discovery, but to permit the court to

examine the situation before the parties propound excessive interrogatories").  As demonstrated

below, the additional interrogatories Defendants seek to serve on Mr. Raphael are the most

efficient and least costly way for Defendants to obtain crucial information needed to test the

validity and scope of Mr. Raphael's copyright infringement claim.

The additional interrogatories sought are not duplicative.[2] *See* McCreadie Decl. at Exh. 3

at 3 (Interrog. No. 4) and Exh. 1 to this Motion (proposed Interrog. 28). In addition, Mr.

Raphael has purportedly taken all the photographs potentially at issue in this action, and he has

not identified any other person who can provide the information requested in additional

interrogatories. Defendants also have no ability in this case to take a corporate deposition

pursuant to Fed. R. Civ. P. 30(b)(6). Further, the use of interrogatories is less burdensome and

less expensive for all parties involved because the information requested will be obtained before

Mr. Raphael's deposition, allowing counsel for the Defendants to ask focused questions at his

deposition regarding the works at issue. Nor do Defendants wish to consume the limited time

period for conducting Mr. Raphael's deposition with an extensive inquiry into the subject matter

of the proposed interrogatories. Most importantly, Defendants are not seeking to test Mr.

Raphael's memory in response to live questions, but are seeking for Mr. Raphael to conduct a

thorough search of information and records within his possession, custody, and control and to

provide comprehensive responses.

The only substantive objection raised by Mr. Raphael's counsel after reviewing

Defendants' proposed interrogatories is that they are purportedly too burdensome to answer.

However, the likely benefit of the proposed interrogatories far outweighs any burden imposed on

---

[2] One of the additional interrogatories (proposed Interrogatory No. 28) overlaps the previous interrogatories served. Specifically, Interrogatory No. 4 requests Mr. Raphael to identify the date(s) of creation for each copyrighted work he alleges was infringed by the Defendants. Mr. Raphael responded by stating that such "photographs were created during the period 1964 through 1990. Plaintiff cannot identify the precise date for each photograph." *See* McCreadie Decl. at Exh. 3 at 3. Following discussions between counsel, Mr. Raphael has agreed to supplement his response. To the extent that Mr. Raphael provides an adequate supplemental response to Interrogatory No. 4, Defendants will agree to withdraw Interrogatory No. 28.

Mr. Raphael, a retired sports photographer, in responding to these interrogatories.  Defendants

seek responses to interrogatories that will address a number of unresolved — and potentially

dispositive — issues relating to the copyright registrations identified by Mr. Raphael.  In

addition, Defendants believe that Mr. Raphael is seeking to recover hundreds of thousands of

dollars, if not more, based on the enforcement of copyright registrations that may be invalid

and/or protect photographs that are part of the public domain.  The Defendants are entitled to

know what works they are being accused of infringing and to test the validity and scope of the

copyright registrations protecting such works.  Finally, Mr. Raphael's responses to these

additional interrogatories will serve to focus this litigation and potentially narrow the issues in

dispute, which will only contribute to the possibility of mediation and settlement.  Thus, the

proposed interrogatories that Defendants seek leave to serve on Mr. Raphael are consistent with

the guidelines imposed by Rule 26(b)(2) and serve to assist in an efficient and cost-effective

resolution of this matter.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court to permit

Defendants to serve fifteen additional interrogatories on Mr. Raphael.

## REQUEST FOR ORAL ARGUMENT

Defendants hereby request oral argument on the issues raised by this motion.

Respectfully submitted,

NBA PROPERTIES, INC.
GETTY IMAGES (US), INC., and
PHOTO FILE, INC.,

By their attorneys,

 /s/ Gina M. McCreadie
Nicholas G. Papastavros, BBO No. 635742
Mark D. Robins, BBO No. 559933
Gina M. McCreadie, BBO No. 661107
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Tel:  (617) 345-1000
Dated:  August 24, 2006          Fax:  (617) 345-1300

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *Defendants' Memorandum of Law in Support of Their Motion for Leave to Serve Fifteen Additional Interrogatories on Plaintiff*, which was filed electronically with the Court through the Electronic Case Files system, will be sent electronically to registered counsel of record as identified on the Notice of Electronic Filing ("NEF") and a paper copy will be sent via facsimile and overnight delivery on August 24, 2006 to any counsel of record who are not registered on NEF.

 /s/ Gina M. McCreadie
                                Gina M. McCreadie