## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RICHARD RAPHAEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-CV-11617-MLW |
| v. | ) | |
| | ) | |
| NBA PROPERTIES, INC., | ) | |
| GETTY IMAGES (US), INC., and | ) | |
| PHOTO FILE, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF GINA M. MCCREADIE IN SUPPORT
## OF DEFENDANTS' MOTION FOR LEAVE TO SERVE
## FIFTEEN ADDITIONAL INTERROGATORIES ON PLAINTIFF

I, Gina M. McCreadie, hereby declare and state as follows:

1.      This declaration is offered in support of the motion for leave to serve fifteen additional interrogatories on Plaintiff Richard Raphael by Defendants NBA Properties, Inc. ("NBA Properties"), Getty Images (US), Inc. ("Getty Images"), and Photo File, Inc. ("Photo File") (collectively, "Defendants").

2.      Attached hereto as Exhibit 1 is a true and correct copy of Reg. No. VAu681-332, bearing Bates number P 0056, as produced by counsel for Mr. Raphael.

3.      Attached hereto as Exhibit 2 is a true and accurate copy of the *Instructions for Short Form VA*, located at http://www.copyright.gov/forms/formvas.pdf (last accessed August 23, 2006).

4.      Attached hereto as Exhibit 3 is a true and correct copy of Mr. Raphael's response to Interrogatory Nos. 4 and 6 from *Plaintiff's Answers and Objections to Defendants' First Set of Interrogatories*.

10092463.1

5.      Attached hereto as Exhibit 4 is a true and correct copy of *Circular 40a*, located at

http://www.copyright.gov/circs/circ40a.html (last accessed on August 23, 2006).

6.      Attached hereto as Exhibit 5 is a true and correct copy of *Circular 8*, located at

http://www.copyright.gov/circs/circ08.pdf (last accessed on August 23, 2006).

7.      Attached hereto as Exhibit 6 is a true and correct copy of *Circular 3*, located at

http://www.copyright.gov/circs/circ03.pdf (last accessed on August 23, 2006).


Signed under the pains and penalties of perjury this 24th date of August, 2006.


                                    /s/ Gina M. McCreadie
                                    Gina M. McCreadie

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing *Declaration of Gina M. McCreadie in Support of Defendants' Motion to for Leave to Serve Fifteen Interrogatories on Plaintiff*, which was filed electronically with the Court through the Electronic Case Files system, will be sent electronically to registered counsel of record as identified on the Notice of Electronic Filing ("NEF") and a paper copy will be sent via facsimile and overnight delivery on August 24, 2006 to any counsel of record who are not registered on NEF.

        /s/ Gina M. McCreadie
          Gina M. McCreadie

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Short Form VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

**VAu 681 – 332**

VA    VAU

Effective Date of Registration

**JUL 0 1 2005**

Application Received
**JUL 0 1 2005**

Deposit Received
**JUL 0 1 2005**    Two

Examined By    Correspondence

Fee Received

---

**TYPE OR PRINT IN BLACK INK. DO NOT WRITE ABOVE THIS LINE.**

| | | |
|---|---|---|
| **Title of This Work:** Alternative title or title of larger work in which this work was published: | **1** | DICK RAPHAEL NBA COLLECTION |
| **Name and Address of Author and Owner of the Copyright:** Nationality or domicile: Phone, fax, and email: | **2** | DICK RAPHAEL 43 Pilgrim Road MARBLEHEAD, MA. 01945 Phone (781) 631-0411   Fax ( ) Email DICKRAPH @ COMCAST. NET |
| **Year of Creation:** | **3** | 1964 — 1990 |
| **If work has been published, Date and Nation of Publication:** | **4** | a. Date _____ Month ___ Day ___ Year ___ (Month, day, and year all required) b. Nation |
| **Type of Authorship in This Work:** Check all that this author created. | **5** | ☐ 3-Dimensional sculpture  ☑ Photograph  ☐ Map ☐ 2-Dimensional artwork  ☐ Jewelry design  ☐ Text ☐ Technical drawing |
| **Signature:** Registration cannot be completed without a signature. | **6** | I certify that the statements made by me in this application are correct to the best of my knowledge.* Check one: ☑ Author  ☐ Authorized agent x Dick Raphael |
| **Name and Address of Person to Contact for Rights and Permissions:** Phone, fax, and email: | **7** | ☑ Check here if same as #2 above. Phone ( )    Fax ( ) Email |

OPTIONAL

---

**8**
Certificate will be mailed in window envelope to this address:

Name ▼ DICK RAPHAEL
Number/Street/Apt ▼ 43 Pilgrim Road
City/State/ZIP ▼ MARBLEHEAD MA. 01945

**9** Deposit Account # _____
Name _____

P 0056



# Instructions for Short Form VA

*For pictorial, graphic, and sculptural works*

---

**USE THIS FORM IF —**
1. You are the *only* author and copyright owner of this work, *and*
2. The work was *not* made for hire, *and*
3. The work is completely new (does not contain a substantial amount of material that has been previously published or registered or is in the public domain).

*If any of the above does not apply, you must use standard Form VA.*

*NOTE: Short Form VA is not appropriate for an anonymous author who does not wish to reveal his or her identity.*

**HOW TO COMPLETE SHORT FORM VA**
- Type or print in black ink.
- Be clear and legible. (Your certificate of registration will be copied from your form.)
- Give only the information requested.

Note: You may use a continuation sheet (Form ___/CON) to list individual titles in a collection. Complete Space A and list the individual titles under Space C on the back page. Space B is not applicable to short forms.

---

## 1 Title of This Work

You must give a title. If there is no title, state "UNTITLED." If you are registering an unpublished collection, give the collection title you want to appear in our records (for example: "Jewelry by Josephine, 1995 Volume"). Alternative title: If the work is known by two titles, you also may give the second title. If the work has been published as part of a larger work (including a periodical), give the title of that larger work instead of an alternative title, in addition to the title of the contribution.

## 2 Name and Address of Author and Owner of the Copyright

Give your name and mailing address. You may include your pseudonym followed by "pseud." Also, give the nation of which you are a citizen or where you have your domicile (i.e., permanent residence).
Give daytime phone and fax numbers and email address, if available.

## 3 Year of Creation

Give the latest year in which you completed the work you are registering at this time. A work is "created" when it is "fixed" in a tangible form. Examples: drawn on paper, molded in clay, stored in a computer.

## 4 Publication

*If* the work has been published (i.e., if copies have been distributed to the public), give the complete date of publication (month, day, and year) and the nation where the publication first took place.

## 5 Type of Authorship in This Work

Check the box or boxes that describe your authorship in the material you are sending. For example, if you are registering illustrations but have not written the story yet, check only the box for "2-dimensional artwork."

## 6 Signature of Author

Sign the application in black ink and check the appropriate box. The person signing the application should be the author or his/her authorized agent.

## 7 Person to Contact for Rights/Permissions

This space is optional. You may give the name and address of the person or organization to contact for permission to use the work. You may also provide phone, fax, or email information.

## 8 Certificate Will Be Mailed

This space must be completed. Your certificate of registration will be mailed in a window envelope to this address. Also, if the Copyright Office needs to contact you, we will write to this address.

## 9 Deposit Account

Complete this space only if you currently maintain a deposit account in the Copyright Office.

---

### MAIL WITH THE FORM

- The filing fee in the form of a check or money order (*no cash*) payable to *Register of Copyrights.* (Copyright Office fees are subject to change. For current fees, check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000.) — *and*
- One or two copies of the work or identifying material consisting of photographs or drawings showing the work. See table (right) for requirements for most works. Note: Request Circular 40a for information about the requirements for other works. Copies submitted become the property of the U.S. Government.

Mail everything (application form, copy or copies, and fee) *in one package* to:

*Library of Congress*
*Copyright Office*
*101 Independence Avenue SE*
*Washington, DC 20559-6000*

Questions? Call (202) 707-3000 [TTY: (202) 707-6737] between 8:30 a.m. and 5:00 p.m. eastern time, Monday through Friday except federal holidays. For forms and informational circulars, call (202) 707-9100 24 hours a day, 7 days a week, or download them from the Copyright Office website at *www.copyright.gov*.

| If you are registering | And the work is *unpublished/published* send: |
|---|---|
| • 2-dimensional artwork in a book, map, poster, or print | a. And the work is *unpublished,* send one complete copy or identifying material<br>b. And the work is *published,* send two copies of the best published edition |
| • 3-dimensional sculpture, • 2-dimensional artwork applied to a T-shirt | a. And the work is *unpublished,* send identifying material<br>b. And the work is *published,* send identifying material |
| • a greeting card, pattern, commercial print or label, fabric, wallpaper | a. And the work is *unpublished,* send one complete copy or identifying material<br>b. And the work is *published,* send one copy of the best published edition |

**PRIVACY ACT ADVISORY STATEMENT** Required by the Privacy Act of 1974 (P.L. 93-579)
The authority for requesting this information is title 17 *USC*, secs. 409 and 410. Furnishing the requested information is voluntary. But if the information is not furnished, it may be necessary to delay or refuse registration and you may not be entitled to certain relief, remedies, and benefits provided in chapters 4 and 5 of title 17 *USC*.
The principal uses of the requested information are the establishment and maintenance of a public record and the examination of the application for compliance with the registration requirements of the copyright law.
Other routine uses include public inspection and copying, preparation of public indexes, preparation of public catalogs of copyright registrations, and preparation of search reports upon request.
NOTE: No other advisory statement will be given in connection with this application. Please keep this statement and refer to it if we communicate with you regarding this application.

Copyright Office fees are subject to change. For current fees, check the Copyright Office website at **www.copyright.gov**, write the Copyright Office, or call (202) 707-3000.



**Short Form VA**
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

VA                    VAU

Effective Date of Registration

Examined By

Application Received

Deposit Received
One                    Two

Correspondence

Fee Received

TYPE OR PRINT IN BLACK INK. DO NOT WRITE ABOVE THIS LINE.

**Title of This Work:**

**1**

Alternative title or title of larger work in which this work was published:

**Name and Address of Author and Owner of the Copyright:**

**2**

Nationality or domicile:
Phone, fax, and email:

Phone ( )                    Fax ( )
Email

**Year of Creation:**

**3**

**If work has been published, Date and Nation of Publication:**

**4**

a. Date _____

Month          Day          Year

*(Month, day, and year all required)*

b. Nation

**Type of Authorship in This Work:**
Check all that this author created.

**5**

■ 3-Dimensional sculpture        ■ Photograph        ■ Map
■ 2-Dimensional artwork          ■ Jewelry design    ■ Text
■ Technical drawing

**Signature:**

Registration cannot be completed without a signature.

**6**

*I certify that the statements made by me in this application are correct to the best of my knowledge.*   Check one:

■ Author    ■ Authorized agent

X _____

**OPTIONAL**

**Name and Address of Person to Contact for Rights and Permissions:**
Phone, fax, and email:

**7**

■ Check here if same as #2 above.

Phone ( )                    Fax ( )
Email

**8**

Certificate will be mailed in window envelope to this address:

Name ▼

Number/Street/Apt ▼

City/State/ZIP ▼

Complete this space only if you currently hold a Deposit Account in the Copyright Office.

**9**

Deposit Account # _____

Name _____

_____

_____

**DO NOT WRITE HERE**    Page 1 of _____ pages

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RICHARD RAPHAEL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO.: 05-CV-11617MLW |
| | ) | |
| v. | ) | |
| | ) | |
| NBA PROPERTIES, INC., | ) | |
| GETTY IMAGES (US), INC., and | ) | |
| PHOTO FILE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33 and Local Rule 33.1, Plaintiff Richard Raphael sets forth

his answers and objections to Defendants' First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1.      Plaintiff objects to the interrogatories insofar as they request information that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2.      Plaintiff objects to the interrogatories insofar as they are unreasonably broad and

impose an unreasonable burden of inquiry and assembly of information to answer.

3.      Plaintiff objects to the disclosure of information that is subject to the

attorney-client privilege or the work product doctrine.

4.      Plaintiff objects to the interrogatories in so far as they are vague.

5.      That Plaintiff has objected to any interrogatory or part thereof should not be taken

as an admission that he accepts or admits the existence of any facts, documents or allegations set

Plaintiff objects to Interrogatory No. 3 as calling for a response that is irrelevant and immaterial.  Plaintiff further objects to Request No. 2 as unduly burdensome and unreasonably invasive.

<u>Interrogatory No. 4</u>

For each work whose copyright You claim was infringed by any of the Defendants, identify such work by providing:

    (a)    the date or dates of creation of such work;

    (b)    the name of such work or, if no such name exists, a description of its subject matter;

    (c)    any other identifier used by You for such work, such as any indexing number; and

    (d)    any copyright registration or application number that You contend applies to such work.

<u>Answer</u>

Pursuant to Fed. R. Civ. P. 33(d), defendants are referred to the documents that will be produced in response to defendants' document requests, including the book entitled *The Boston Celtics: The History, Legends, and Images of America's Most Celebrated Team* (Addison-Wesley Publishing Company, Inc. 1989).  The photographs set forth in that book were registered under registration numbers TX-2-907-290, TX-2-940-653, TX-2-940-654. Additional photographs were copyrighted on July 1, 2005 under registration numbers VAu681-332.

These photographs were created during the period 1964 through 1990. Plaintiff cannot identify the precise date for each photograph.  The subjects of the photographs were NBA players and games.

Further answering, Plaintiff states that defendant NBA Properties, Inc. ("NBA") has possession of duplicate transparencies and/or black and white prints from negatives of the works that Plaintiff claims were infringed.

3

Interrogatory No. 5

For each work whose copyright You claim was infringed by any of the Defendants, describe in detail each alleged act of infringement.

Answer

Defendant NBA infringed Plaintiff's copyright by, inter alia, licensing or transferring to Defendants Photo File, Inc. ("Photo File") and/or Getty Images (US), Inc. ("Getty") Plaintiff's photographs of NBA players and games that were referenced as the "Old Material" in the letter attached to the Complaint as Exhibit A (hereinafter, "Plaintiff's NBA Photographs"). Photo File infringed Plaintiff's copyright by offering Plaintiff's NBA Photographs for sale to the general public. Getty infringed Plaintiff's copyright by offering Plaintiff's NBA Photographs for sale to the general public and/or for editorial use.

Interrogatory No. 6

For each copyright registration or application You seek to enforce in this action, identify all preexisting works that were incorporated into the work named in such copyright registration or application.

Answer

The photographs contained in the book entitled *The Boston Celtics: The History, Legends, and Images of America's Most Celebrated Team* represent Plaintiff's preexisting works.

Interrogatory No. 7

For each work whose copyright You claim was infringed by any of the Defendants, identify each person for whom You were employed at the time such work (including all portions thereof) was created.

4

Signed under the pains and penalties of perjury this 25 day of April, 2006.

_____
Richard Raphael

AS TO OBJECTIONS:

_____
Jeffrey P. Allen (BBO#015500)
Molly Cochran (BBO# 551833)
Seegel, Lipshutz & Wilchins, P.C.
20 William St., Suite 130
Wellesley, MA  02481
(781) 237-4400

Dated:  April 21, 2006

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served via regular U.S. mail on Gina M. McCreadie, Esq., Nixon Peabody LLP, 100 Summer Street, Boston, MA  02110 this 27 day of April, 2006.

_____
Molly Cochran

274391.1.3358.7000

15

Circular 40a

# Deposit Requirements for Registration of Claims to Copyright in Visual Arts Material

**Table of Contents**

- In General
- Basic Definitions
  - Complete Copy
  - Best Edition
  - Identifying Material (I.D. Material)
- Specifications for Visual Arts Identifying Material
  - Copyright Notice
- Two-Dimensional Works
- Three-Dimensional Works
- Architectural Works
- For Further Information

## In General

To register a claim to copyright in a work of the visual arts, submit a properly completed application Form VA, a nonrefundable filing fee[*], and an appropriate deposit, generally one complete copy of the work if unpublished, two complete copies of the best edition if the work was first published in the United States, or, for certain types of works, identifying material instead of actual copies.

This circular presents a simplified version of the deposit requirements for registration of claims to copyright in visual arts material. It should be viewed only as a basic guide. The items given below are only examples and are not meant to be restrictive. For more detailed information, see *CFR* 202.19, 202.20, and 202.21 (www.copyright.gov/title37), which contains the deposit regulations of the Copyright Office.

*NOTE: Copyright Office fees are subject to change. For current fees, please check the Copyright Office website, write the Copyright Office, or call (202) 707-3000.

## Basic Definitions

### Complete Copy

A "complete copy" of an *unpublished* work is a copy that represents the complete copyrightable content of the work being registered. A complete copy of a *published* work is one that contains all elements of the unit of publication, including those which, if considered separately, would not be copyrightable subject matter. The copies deposited

for registration should be physically undamaged.

**Best Edition**

The "best edition" is the edition published in the United States at any time before the date of deposit in the Copyright Office that the Library of Congress determines to be most suitable for its purposes. Generally, when more than one edition is available, the best edition is: larger rather than smaller; color rather than black and white; and printed on archival-quality rather than less-permanent paper. Request Circular 7b, *"Best Edition" of Published Copyrighted Works for the Collections of the Library of Congress*, for additional information.

**Identifying Material (I.D. Material)**

"Identifying material" or "ID material" generally consists of two-dimensional reproduction(s) or rendering(s) of a work in the form of photographic prints, transparencies, photocopies, or drawings that show the complete copyrightable content of the work being registered.

## Specifications for Visual Arts Identifying Material

Copyright Office regulations require the deposit of identifying material instead of copies for three-dimensional works and for works that have been applied to three-dimensional objects. Examples of such works include sculpture, toys, jewelry, artwork on plates, and fabric or textile attached to or part of a three-dimensional object such as furniture. Identifying material must also be submitted for any pictorial, graphic, or sculptural work that exceeds 96" in any dimension.

In certain cases, identifying material is permitted; in other cases, it is required. (See table below.) Identifying material should meet the following specifications:

- **Type of identifying material:** The material should consist of photographic prints, transparencies, photocopies, drawings, or similar two-dimensional reproductions or renderings of the work, in a form visually perceivable without the aid of a machine or device.

- **Color or black and white:** If the work is a pictorial or graphic work, the material should reproduce the actual colors employed in the work. In all other cases, the material may be in black and white or may consist of a reproduction of the actual colors.

- **Completeness:** As many pieces of identifying material should be submitted as are necessary to show clearly the entire copyrightable content of the work for which registration is being sought.

- **Number of sets:** Only one set of complete identifying material is required. NOTE: With respect to three-dimensional holograms, please write the Copyright Office for additional information.

- **Size:** Photographic transparencies must be at least 35mm in size and, if 3 × 3" or less, must be fixed in cardboard, plastic, or similar mounts; transparencies larger

than 3 × 3" should be mounted. All types of identifying material other than photographic transparencies must be not less than 3 × 3" and not more than 9 × 12", but preferably 8 × 10". The image of the work should show clearly the entire copyrightable content of the work.

- **Title and dimension:** At least one piece of identifying material must give the title of the work on its front, back, or mount and should include an exact measurement of one or more dimensions of the work.

## Copyright Notice

Before March 1, 1989, the use of copyright notice was mandatory on all published works, and any work first published before that date should have carried a notice. For works first published on and after March 1, 1989, use of the copyright notice is optional.

For a work published with notice of copyright, the notice and its position on the work must be clearly shown on at least one piece of identifying material. If necessary because of the size or position of the notice, a separate drawing or similar reproduction may be submitted. Such reproduction should be no smaller than 3 × 3" and no larger than 9 × 12" and should show the exact appearance and content of the notice and its specific position on the work. For more information about copyright notice, request Circular 3, *Copyright Notice.*

Two-Dimensional Works

| Nature of Work | Required Deposit | |
|---|---|---|
| | Published | Unpublished |
| Advertisements (pictorial) | 1 copy as published or pre-publication camera-ready copy | 1 photocopy, proof, drawing, copy, or layout |
| Artwork for bed, bath, and table linens or for wearing apparel (For example: heat transfers or decals already applied to T-shirts) | I.D. material preferred in all cases; I.D. material *required* if copy cannot be folded to 4" thickness or less; 1 copy permitted if it can be folded to 4" thickness or less | same as published |
| Blueprints, architectural drawings, mechanical drawings, diagrams | 1 complete copy | 1 copy |
| Book jackets or record jackets | 1 complete copy | 1 copy |
| Commercial print published in newspaper or other periodical | 1 copy of entire page or pages | |
| Commercial print or label (For example: | 1 complete copy | 1 copy |

| | | |
|---|---|---|
| flyers, labels, brochures, or catalogs used in connection with the sale of goods or services) | | |
| Contributions to collective works (photographs, drawings, cartoons, etc., published as part of a periodical or anthology) | 1 complete copy of the best edition of entire collective work, complete section containing contribution if published in newspaper, entire page containing contribution, contribution cut from the newspaper, or photocopy of contribution as it was published | |
| Fabric, textile, wallpaper, carpeting, floor tile, wrapping paper, yard goods (If applied to a three-dimensional work, see below) | 1 complete copy (or swatch) showing the design repeat and copyright notice, if any | 1 complete copy (or I.D. material if the work has not been fixed in repeat) |
| Fabric emblems or patches, decals or heat transfers (not applied to clothing), bumper stickers, campaign buttons | 1 complete copy | 1 copy or I.D. material |
| Greeting cards, picture postcards, stationery, business cards, calendars | 1 complete copy | 1 copy or I.D. material |
| Holograms | 1 actual copy if image is visible without the aid of a machine or device; otherwise 2 sets of display instructions and 2 sets of I.D. material showing the displayed image | 1 copy or display instructions and I.D. material of image |
| Maps or cartographic material | 1 copy of CD-ROM if work published in that format; otherwise, 2 complete copies | 1 copy of CD-ROM if work fixed in that format; otherwise, 1 complete copy or I.D. material |
| Patterns, cross-stitch graphs, stitchery brochures, needlework | 1 complete copy | 1 copy or I.D. material |

| and craft kits | | |
| --- | --- | --- |
| Pictorial or graphic works (For example: artwork, drawings, illustrations, paintings) | 2 complete copies | I.D. material |
| Pictorial or graphic works fixed only in machine-readable form | I.D. material | I.D. material |
| Posters, photographs, prints, brochures, exhibition catalogs | 2 complete copies | 1 copy or proof, photocopy, contact sheet |
| "Limited edition" posters, prints, or etchings (published in quantities of fewer than 5 copies, or 300 or fewer numbered copies if individual author is owner of copyright) | 1 copy or I.D. material | |
| Oversize material (exceeding 96" in any dimension) | I.D. material | I.D. material |

Three-Dimensional Works

| Nature of Work | Required Deposit | |
| --- | --- | --- |
| | Published | Unpublished |
| Artwork or illustrations on 3-D objects (For example: artwork on plates, mugs) | I.D. material | I.D. material |
| Fabric or textile attached to or part of a 3-D object (such as furniture) | I.D. material | I.D. material |
| Games | 1 copy if container is no larger than 12" x 24" x 6"; otherwise, I.D. material | 1 copy if container is no larger than 12" x 24" x 6" or I.D. material* |
| Globes, relief models, or relief maps | 1 complete copy including the stand (I.D. material *not* acceptable) | 1 complete copy or I.D. material* |
| Jewelry | I.D. material or 1 copy if fixed only in the form of jewelry cast in base | same as published |

| | metal not exceeding 4" in any dimension | |
|---|---|---|
| Pictorial matter and/or text on a box or container that can be flattened (contents of container are not claimed) | 1 copy of box or container if it can be flattened or 1 paper label | 1 copy or I.D. material* |
| Prints or labels inseparable from a three-dimensional object (For example: silk screen label on a bottle) | I.D. material | I.D. material |
| Sculptures, toys, dolls, molds, relief plaques, statues | I.D. material | I.D. material |
| Sculpture (For example: doll) in a box with copyrightable pictorial and/or textual material; claim in sculpture and artwork/text | I.D. material for sculpture plus 1 copy of box and any other printed material | I.D. material for sculpture plus copy of box or I.D. material* |
| Oversize material (exceeding 96" in any dimension) | I.D. material | I.D. material |

* Because storage space is limited, the Copyright Office prefers I.D. material rather than a copy in these cases.

Architectural Works

| Nature of Work | Unconstructed Building | Constructed Building |
|---|---|---|
| To be eligible for copyright protection, an architectural work must have been created on or after December 1, 1990, or have been unconstructed and embodied only in unpublished drawings as of that date. (Request Circular 41, "Copyright Claims in Architectural Works," for more information.) | 1 complete copy of an architectural drawing or blueprint showing the overall form of the building and any interior arrangement of spaces and/or design elements in which copyright is claimed | I.D. material 1 complete copy as described at left plus I.D. material in the form of photographs clearly identifying the architectural work being registered |

## For Further Information

### Information via the Internet

Circulars, announcements, regulations, other related materials, and all copyright application forms are available from the Copyright Office website at www.copyright.gov.

## Information by telephone

For general information about copyright, call the Copyright Public Information Office at (202) 707-3000. The TTY number is (202) 707-6737. Staff members are on duty from 8:30 am to 5:00 pm, eastern time, Monday through Friday, except federal holidays. Recorded information is available 24 hours a day. Or, if you know which application forms and circulars you want, request them 24 hours a day from the Forms and Publications Hotline at (202) 707-9100. Leave a recorded message.

## Information by regular mail

Write to:

> Library of Congress
> Copyright Office
> Publications Section
> 101 Independence Avenue SE
> Washington, DC 20559-6000

---

Circular 40a, Revised July 2006

Format Note:

This electronic version has been altered slightly from the original printed text for website presentation.  For a copy of the original circular, consult the PDF version or write to Copyright Office, 101 Independence Avenue SE, Washington, DC  20559-6000.

---

Home  |  Contact Us  |  Legal Notices  |  Freedom of Information Act (FOIA)  |  Library of Congress

U.S. Copyright Office
101 Independence Avenue SE
Washington, DC 20559-6000
(202) 707-3000



**Copyright**

United States Copyright Office

# Supplementary Copyright Registration



### Supplementary Registration: In General

Supplementary registration is a special type of copyright registration provided for in section 408(d) of the copyright law (17 *U.S. Code*). If information in the basic registration is incorrect or incomplete, the law provides for "filing of an application for supplementary registration, to correct an error in a copyright registration or to amplify the information given in a registration." The information in the basic registration record remains unchanged. The supplementary registration augments and, in most cases, is cross-referenced to this record.

### Earlier Registration Necessary

Supplementary registration can be made only if a basic copyright registration for the same work *has already been completed*. The statute requires that the application for supplementary registration "shall clearly identify the registration to be corrected or amplified." Please note that a single Form CA can be used to correct *only one* basic registration, *not* multiple registrations. A Form CA *cannot* be used to correct an earlier supplementary registration.

### What Basic Registration Can Be Corrected or Amplified?

As a general rule, any completed basic registration in the records of the Copyright Office can be the subject of a supplementary registration. This is true regardless of when the basic registration was made and regardless of the class in which the basic registration was made.

### Corrections and Amplifications

A supplementary registration can be made either to "correct" or to "amplify" information in a basic registration.

#### Corrections

A "correction" is appropriate if information in a basic registration was incorrect at the time that basic registration was made. *Examples*: the basic registration identified an incorrect author of the work, or the work was registered as published when publication had not actually taken place. (NOTE: A supplementary registration is not appropriate where the work was registered as unpublished when it was actually published at the time of registration. *See* "Published Work

Previously Registered as Unpublished" below.) A supplementary registration is not necessary for minor errors, such as typographical errors, omission of address in space 4 when it appears elsewhere on the application, or addition of the articles "a," "an," or "the."

### Amplifications

"Amplifications" fall into three general categories:

1  Additional information that could have been given but was omitted at the time of basic registration (example: a co-author was omitted);

2  Changes in certain facts that have occurred *since* the basic registration (*Example*: change of title); and

3  Explanations that clarify information given in the basic registration (*Example*: statement of authorship in the version being registered was not sufficiently explicit on the original application).

## Who May Apply for Supplementary Registration?

Once a basic registration has been made for a work, any author or other copyright claimant or any owner of an exclusive right in the work wishing to correct or amplify the information given in the basic registration may apply for supplementary registration. A duly authorized agent of any such author, claimant, or owner of exclusive rights may also submit an application for supplementary registration.

## How to Apply for Supplementary Registration

The application for supplementary registration must be submitted on Form CA. To apply for supplementary registration an applicant should submit:

1  A completed Form CA;

2  A *photocopy* of the front and back of the certificate of the registration being amended;

3  The nonrefundable filing fee* in the form of a check or money order payable to *Register of Copyrights*. Do not send cash. Mail to:

*Library of Congress*
*Copyright Office*
*101 Independence Avenue SE*
*Washington, DC 20559-6000*

The filing fee for processing a claim to supplementary copyright registration is nonrefundable, whether or not copyright registration is ultimately made.

*Copyright Office fees are subject to change. For current fees, please check the Copyright Office website at *www.copyright.gov*, write the Copyright Office, or call (202) 707-3000.

**NOTE:** Copies or phonorecords of the work or supporting documents cannot be made part of the record of a supplementary registration and should not be sent to the Copyright Office with a Form CA.

Form CA and other Copyright Office forms and publications are available at no charge from the Copyright Office. To order write to:

*Library of Congress*
*Copyright Office*
*Publications Section*
*101 Independence Avenue SE*
*Washington, DC 20559-6000*

Forms and circulars are also available from the Copyright Office website at *www.copyright.gov*, or by calling the Forms and Publications Hotline anytime at (202) 707-9100. The TTY number is (202) 707-6737.

Blank application forms may be photocopied; however, photocopied forms submitted to the Copyright Office must be clear, legible, on a good grade of 8½ × 11″ white paper suitable for automatic feeding through a scanner/photocopier. The forms should be printed, preferably in black ink, head-to-head (so that the top of page 2 is directly behind the top of page 1). *Forms not meeting these requirements will be returned to the originator*.

## What Happens When a Supplementary Registration Is Made?

When a supplementary registration is completed, the Copyright Office will assign it a new registration number, usually in the same class and series as the basic registration, and issue a certificate of supplementary registration under that number. The basic registration will not be expunged or cancelled, and the two registrations will both stand in the Copyright Office records. The supplementary registration will direct the public's attention to an error or omission in the basic registration, and it will place the correct facts or the additional information on official record.

## When Supplementary Registration Is Not Appropriate

### In General

As explained below, supplementary registration is not appropriate in the following cases:

1   Where the work has been revised or where corrections have been made to statements appearing on the copies or phonorecords;

2   As a substitute for renewal registration;

3   As a substitute for recording a transfer or other document pertaining to copyright ownership; and

4   Where a work was registered as unpublished but was actually published at the time of the basic registration.

### When the Work Has Been Revised or Statements on the Copies or Phonorecords Have Been Corrected

Supplementary registration can be used only to correct errors or amplify facts stated in an earlier application for a completed registration. Form CA is *not appropriate* to correct errors on the copies or phonorecords of the work in question or to reflect changes in the content of the work. If the work has been changed since registration was made and if the changes are sufficient for the work to be considered a "derivative work," the proper procedure is to make a new basic registration for the revised version to cover the additions or revisions.

### Supplementary Registration Different from Renewal Registration

A supplementary registration is entirely different from a renewal registration. Renewal registration cannot be made by filing Form CA. A completed Form RE and a registration filing fee are required. (*See note on fees on page 2.*) For further information about copyright renewal, request Circular 15, *Renewal of Copyright.*

### Changes in Ownership of Rights

If ownership of the copyright has changed since the basic registration was made (whether it changed from one owner to another or was divided among several owners of exclusive rights), Form CA is not appropriate. Section 205 of the statute provides that "any transfer of copyright ownership or other document pertaining to a copyright may be recorded in the Copyright Office." Recording a document pertaining to copyright ownership under section 205 not only "gives all persons constructive notice of the facts stated in the recorded document," but it may also have other important consequences in cases of infringement or conflicting transfers.

Supplementary registration does not accord "constructive notice" and is not the correct method for recording transfers of copyright ownership. For further information about recordation of documents, request Circular 12, *Recordation of Transfers and Other Documents.*

### Published Work Previously Registered as Unpublished

A supplementary registration is *not* acceptable to correct a registration that did not identify the work as published. The deposit requirement for a published work is different from that for an unpublished work. Therefore, the proper deposit requirement has not been met and cannot be met with a supplementary registration. In this case, another basic registration should be made with the proper deposit materials for a published work. In space 5 of the registration application form, answer "yes" to the "previous registration" question, and without checking any of the boxes below, state, "*This registration is made to correct registration number* (*class*) (*number*) *which was incorrectly made as unpublished.*"

## Suggestions for Completing Form CA

**Space A:** This space identifies the registration that is being amended. Give the title, authors, claimants, and year date of registration *exactly* as they appear in the original application, including any incorrect information.

**Space B:** Complete this part *only* if information in the basic registration was incorrect at the time that basic registration was made. Transcribe the erroneous information *exactly* as it appears in the basic registration. Give the correct information and explain the error. For example: "Andrew Miller named at space 2; should have been Ardis Miller—author's first name was in error."

**Space C:** Complete this part if your purpose is to add, update, or clarify information rather than to correct an actual error. Explain the additional information. For example: "Maude Miller, U.S. citizen, was an author—name was accidentally omitted."

**Space F:** The application is not acceptable unless it bears the handwritten signature of the author, copyright claimant, owner of exclusive right(s), or the duly authorized agent of such author, claimant, or owner.

## Effective Date of Registration

*A copyright registration is effective on the date of receipt in the Copyright Office of all the required elements in acceptable form*, regardless of the length of time it takes thereafter to process the application and mail the certificate of registration. The length of time required by the Copyright Office to process an application varies from time to time, depending on the amount of material received and the personnel available to handle it.

If you are filing an application for copyright registration, you will not receive an acknowledgement that your application has been received (the Office receives more than 600,000 applications annually), but you can expect:

• A letter or telephone call from a copyright examiner or other staff member if further information is needed;

• A certificate of registration to indicate the work has been registered;

• If registration cannot be made, a letter explaining why it has been refused.

If you want to know when the Copyright Office received your material, you should send it via registered or certified mail and request a return receipt.

A FINAL WORD OF CAUTION: This circular contains general information about the purposes and procedures for making supplementary registration. In many cases, however, it is important to consult a copyright attorney before deciding the best procedure to follow.

## For Further Information

### Information via the Internet

Circulars, announcements, regulations, other related materials, and all copyright application forms are available from the Copyright Office website at *www.copyright.gov*.

### Information by telephone

For general information about copyright, call the Copyright Public Information Office at (202) 707-3000. The TTY number is (202) 707-6737. Staff members are on duty from 8:30 AM to 5:00 PM, eastern time, Monday through Friday, except federal holidays. Recorded information is available 24 hours a day. Or, if you know which application forms and circulars you want, request them 24 hours a day from the Forms and Publications Hotline at (202) 707-9100. Leave a recorded message.

### Information by regular mail

Write to:

*Library of Congress*
*Copyright Office*
*Publications Section*
*101 Independence Avenue SE*
*Washington, D.C. 20559-6000*

U.S. Copyright Office · Library of Congress · 101 Independence Avenue SE · Washington, DC 20559-6000 · www.copyright.gov

CIRCULAR 8   REV: 07/2006   PRINT: 07/2006—xx,000   Printed on recycled paper                    U.S. GOVERNMENT PRINTING OFFICE:2006-xxx-xx/xx,xxx

**©opyright**
United States Copyright Office

# Copyright Notice

## Introduction

The use of a copyright notice is no longer required under U.S. law, although it is often beneficial. Because prior law did contain such a requirement, however, the use of notice is still relevant to the copyright status of older works.

This circular discusses both the copyright notice provisions as originally enacted in the 1976 copyright act (title 17, U.S. Code), which took effect January 1, 1978, and the effect of the 1988 Berne Convention Implementation Act, which amended the copyright law to make the use of a copyright notice optional on copies of *works published on and after March 1, 1989*. Specifications for the proper form and placement of the notice are described in this circular.

Works published before January 1, 1978, are governed by the previous copyright law. Under that law, if a work was published under the copyright owner's authority without a proper notice of copyright, all copyright protection for that work was permanently lost in the United States.

## The Uruguay Round Agreements Act of 1994 (URAA)

(P.L. 103-465) modified the effect of publication without notice for certain foreign works. Under this Act, copyright is automatically restored, effective January 1, 1996, for certain foreign works placed into the public domain because of lack of proper notice or noncompliance with other legal requirements. Although restoration is automatic, if the copyright owner wishes to enforce rights against reliance parties (those who, relying on the public domain status of a work, were already using the work before the URAA was enacted), he/she must either file with the Copyright Office a Notice of Intent to Enforce the restored copyright or serve such a notice on the reliance party.

For more information about the copyright notice under the law in effect before January 1, 1978, see 37CFR202.2, Copyright Notice (*www.copyright.gov/ title37/202/37cfr202-2.html*). For more information about restoration of copyright under the URAA, request Circular 38B, *Highlights of Copyright Amendments Contained in the Uruguay Round Agreements Act* (*URAA*).

## Use of the Copyright Notice

Copyright is a form of protection provided by the laws of the United States to authors of "original works of authorship." When a work is published under the authority of the copyright owner (see definition of "publication" below), a notice of copyright may be placed on all publicly distributed copies or phonorecords. The use of the notice is the responsibility of the copyright owner

Circular 3

and does not require permission from, or registration with, the Copyright Office.

Use of the notice may be important because it informs the public that the work is protected by copyright, identifies the copyright owner, and shows the year of first publication. Furthermore, in the event that a work is infringed, if the work carries a proper notice, the court will not *give any weight to a defendant's interposition of an innocent infringement defense*—that is, that he or she did not realize that the work was protected. An innocent infringement *defense* may result in a reduction in damages that the copyright owner would otherwise receive.

For works first published on and after March 1, 1989, use of the copyright notice is optional. Before March 1, 1989, the use of the notice was mandatory on all published works. Omitting the notice on any work first published before that date could result in the loss of copyright protection if corrective steps are not taken within a certain amount of time. The curative steps are described in this circular under "Omission of Notice and Errors in Notice."

The Copyright Office does not take a position on whether reprints of works first published with notice before March 1, 1989, which are distributed on or after March 1, 1989, must bear the copyright notice.

### What Is Publication?

The 1976 Copyright Act defines publication as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending." An offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display also constitutes publication.

The following do not constitute publication: printing or other reproduction of copies, performing or displaying a work publicly, or sending copies to the Copyright Office.

### Copyright Notice Not Required on Unpublished Works

The copyright notice has never been required on unpublished works. However, because the dividing line between a preliminary distribution and actual publication is sometimes difficult to determine, the copyright owner may wish to place a copyright notice on copies or phonorecords that leave his or her control to indicate that rights are claimed. An appropriate notice for an unpublished work might be: *Unpublished work © 2004 John Doe.*

### Form of Notice

The form of the copyright notice used for "visually perceptible" copies—that is, those that can be seen or read, either directly (such as books) or with the aid of a machine (such as films)—is different from the form used for phonorecords of sound recordings (such as compact disks or cassettes).

### Visually Perceptible Copies

The notice for visually perceptible copies should contain three elements. They should appear together or in close proximity on the copies. The elements are:

1  *The symbol* © (the letter C in a circle), or the word "Copyright," or the abbreviation "Copr."; and

2  *The year of first publication*. If the work is a derivative work or a compilation incorporating previously published material, the year date of first publication of the derivative work or compilation is sufficient. Examples of derivative works are translations or dramatizations; an example of a compilation is an anthology.

The year may be omitted when a pictorial, graphic, or sculptural work, with accompanying textual matter, if any, is reproduced in or on greeting cards, postcards, stationery, jewelry, dolls, toys, or useful articles; and

3  *The name of the owner of copyright in the work*, or an abbreviation by which the name can be recognized, or a generally known alternative designation of the owner.*

*Example:* © 2004 Jane Doe

*The United States is a member of the Universal Copyright Convention (the UCC), which came into force on September 16, 1955. To guarantee protection for a copyrighted work in all UCC member countries, the notice must consist of the symbol © (the word "Copyright" or the abbreviation are *not* acceptable), the year of first publication, and the name of the copyright proprietor. *Example:* © 2004 John Doe. For information about international copyright relationships, request Circular 38A, *International Copyright Relations of the United States*.

The "C in a circle" notice is used only on "visually perceptible" copies. Certain kinds of works, for example, musical, dramatic, and literary works, may be fixed not in "copies" but by means of sound in an audio recording. Since audio recordings such as audio tapes and phonograph disks are "phonorecords" and not "copies," the "C in a circle" notice is not used to indicate protection of the underlying musical, dramatic, or literary work that is recorded.

### Phonorecords of Sound Recordings

The copyright notice for phonorecords embodying a sound recording is different from that for other works. Sound recordings are defined as "works that result from the fixation of a series of musical, spoken or other sounds, but not including the sounds accompanying a motion picture or other audiovisual work." Copyright in a sound recording protects the particular series of sounds fixed in the recording against unauthorized reproduction, revision, and distribution. This copyright is distinct from copyright of the musical, literary, or dramatic work that may be recorded on the phonorecord.

Phonorecords may be records (such as LPs and 45s), audio tapes, cassettes, or disks. The notice should contain the following three elements appearing together on the phonorecord:

1  *The symbol* ℗ (the letter P in a circle); and

2  *The year of first publication* of the sound recording; and

3  *The name of the owner of copyright* in the sound recording, or an abbreviation by which the name can be recognized, or a generally known alternative designation of the owner. If the producer of the sound recording is named on the phonorecord label or container and if no other name appears in conjunction with the notice, the producer's name shall be considered a part of the notice.

*Example*: ℗ 2004 X.Y.Z. Records, Inc.

### Contributions to Collective Works

A "collective work" is one in which a number of contributions that are separate and independent works in themselves are assembled into a collective whole. Examples of collective works include periodicals (such as magazines and journals), encyclopedias, and anthologies.

A single copyright notice applicable to the collective work as a whole serves to indicate protection for all the contributions in the collective work, except for advertisements, regardless of the ownership of copyright in the individual contributions and whether they have been published previously.

However, a separate contribution to a collective work *may* bear its own notice of copyright, and in some cases, it may be advantageous to utilize the separate notice. As a practical matter, a separate notice will inform the public of the identity of the owner of the contribution. For works first published before March 1, 1989, there may be additional reasons to use a separate notice. If the owner of the collective work is not the same as the owner of an individual contribution that does not bear its own notice, the contribution is considered to bear an erroneous notice. (For the effects of a notice with the wrong name, see "Error in Name" on page 5 of this circular.) Additionally, if an individual author of contributions to a periodical wishes to make a single registration for a group of contributions published within a 12-month period, each contribution must carry its own notice. For information on this type of registration, request Form GR/CP and Information Package 104.

A notice for the collective work will not serve as the notice for advertisements inserted on behalf of persons other than the copyright owner of the collective work. These advertisements should each bear a separate notice in the name of the copyright owner of the advertisement.

### Publications Incorporating U.S. Government Works

Works by the U.S. Government are not eligible for copyright protection. For works published on and after March 1, 1989, the previous notice requirement for works consisting primarily of one or more U.S. Government works has been eliminated. However, use of a notice on such a work will defeat a claim of innocent infringement as previously described *provided* the notice also includes a statement that identifies either those portions of the work in which copyright is claimed or those portions that constitute U.S. Government material. An example is: "© 2004 Ann Doe. Copyright claimed in Chapters 7–10, exclusive of U.S. Government maps."

Copies of works published before March 1, 1989, that consist primarily of one or more works of the U.S. Government should have a notice and the identifying statement.

### Position of Notice

The copyright notice should be placed on copies or phonorecords in such a way that it gives reasonable notice of the claim of copyright. The notice should be permanently legible to an ordinary user of the work under normal conditions of use and should not be concealed from view upon reasonable examination.

The Copyright Office has issued regulations, summarized below, concerning the position of the notice and methods of affixation (37 CFR 201.20). To read the complete regulations, see "Methods of Affixation and Positions of the Copyright Notice on Various Types of Works" at *www.copyright.gov/title37/201/37cfr201-20.html*, or consult the *Code of Federal Regulations* in your local library.

The following locations and methods of affixation are examples of appropriate position of notice. These examples are not exhaustive.

### Works Published in Book Form

- Title page
- Page immediately following the title page
- Either side of the front or back cover
- First or last page of the main body of the work

### Single-leaf Works

- Front or back

### Works Published as Periodicals or Other Serials

- Any location acceptable for books
- As part of, or adjacent to, the masthead or on the page containing the masthead
- Adjacent to a prominent heading, appearing at or near the front of the issue, containing the title of the periodical and any combination of the volume and issue number and date of the issue

### Works Published as Separate Contributions to Collective Works

For a separate contribution reproduced on only one page:
- Under the title or elsewhere on the same page

For a separate contribution reproduced on more than one page:
- Under a title appearing at or near the beginning of the contribution
- On the first page of the main body of the contribution
- Immediately following the end of the contribution
- On any of the pages where the contribution appears if the contribution consists of no more than 20 pages, the notice is reproduced prominently, and the application of the notice to the particular contribution is clear

### Works Reproduced in Machine-Readable Copies

- With or near the title or at the end of the work, on visually perceptible printouts
- At the user's terminal at sign-on
- On continuous display on the terminal
- Reproduced durably on a gummed or other label securely affixed to the copies or to a container used as a permanent receptacle for the copies

### Motion Pictures and Other Audiovisual Works

A notice embodied in the copies by a photomechanical or electronic process so that it ordinarily would appear whenever the work is performed in its entirety may be located:

- With or near the title
- With the cast, credits, and similar information
- At or immediately following the beginning of the work
- At or immediately preceding the end of the work

The notice on works lasting 60 seconds or less, such as untitled motion pictures or other audiovisual works, may be located:

- In all the locations specified above for longer motion pictures; and
- If the notice is embodied electronically or photo-mechanically, on the leader of the film or tape immediately preceding the work.

For audiovisual works or motion pictures distributed to the public for private use, the locations include the above, and in addition:
- On the permanent housing or container

### Pictorial, Graphic, and Sculptural Works

For works embodied in two-dimensional copies, a notice may be affixed directly, durably, and permanently to:

- The front or back of the copies;
- Any backing, mounting, framing, or other material to which the copies are durably attached, so as to withstand normal use.

For works reproduced in three-dimensional copies, a notice may be affixed directly, durably, and permanently to:

- Any visible portion of the work;
- Any base, mounting, or framing or other material on which the copies are durably attached.

For works on which it is impractical to affix a notice to the copies directly or by means of a durable label, a notice is acceptable if it appears on a tag or durable label attached to the copy so that it will remain with it as it passes through commerce.

For works reproduced in copies consisting of sheet-like or strip material bearing multiple or continuous reproductions of the work, such as fabrics or wallpaper, the notice may be applied:

- To the reproduction itself;

- To the margin, selvage, or reverse side of the material at frequent and regular intervals; or

- If the material contains neither a selvage nor reverse side, to tags or labels attached to the copies and to any spools, reels, or containers housing them in such a way that the notice is visible in commerce.

## Omission of Notice and Errors in Notice

The 1976 Copyright Act attempted to ameliorate the strict consequences of failure to include notice under prior law. It contained provisions that set out specific corrective steps to cure omissions or errors in notice. Under these provisions, an applicant had 5 years after publication to cure omission of notice or certain errors. Although these provisions are technically still in the law, their impact has been limited by the Berne amendment making notice optional for all works published on and after March 1, 1989. There may still be instances, such as the defense of innocent infringement, where the question of proper notice may be a factor in assessing damages in infringement actions.

### Omission of Notice

"Omission of notice" is publishing without a notice. In addition, some errors are considered the same as omission of notice. These are:

- A notice that does not contain the symbol © (the letter C in a circle), or the word "Copyright" or the abbreviation "Copr." or, if the work is a sound recording, the symbol ℗ (the letter P in a circle);

- A notice dated more than 1 year later than the date of first publication;

- A notice without a name or date that could reasonably be considered part of the notice;

- A notice that lacks the statement required for works consisting preponderantly of U.S. Government material; and

- A notice located so that it does not give reasonable notice of the claim of copyright.

The omission of notice does not affect the copyright protection, and no corrective steps are required if the work was published on or after March 1, 1989. For works published between January 1, 1978, but before March 1, 1989, no corrective steps are required if:

1 The notice is omitted from no more than a relatively small number of copies or phonorecords distributed to the public; or

2 The omission violated an express written requirement that the published copies or phonorecords bear the prescribed notice.

In all other cases of omission in works published before March 1, 1989, to preserve copyright:

1 The work must have been registered before it was published in any form or before the omission occurred, or it must have been registered within 5 years after the date of publication without notice; *and*

2 The copyright owner must have made a reasonable effort to add the notice to all copies or phonorecords that were distributed to the public in the United States after the omission was discovered.

If these corrective steps were not taken, the work went into the public domain in the United States 5 years after publication. At that time all U.S. copyright protection was lost and cannot be restored.

### Error in Year

If the copyright duration depends on the date of first publication and the year given in the notice is earlier than the actual publication date, protection may be shortened by beginning the term on the date in the notice. (For later date in the notice, see "Omission of Notice.")

*Example:* A work made for hire is created in 1983 and is first published in 1988. However, the notice contains the earlier year of 1987. In this case, the term of copyright protection would be measured from the year in the notice, and the expiration date would be 2082, 95 years from 1987.

### Error in Name

When the person named in the notice is not the owner of copyright, the error may be corrected by:

1 Registering the work in the name of the true owner; *or*

2 Recording a document in the Copyright Office executed by the person named in the notice that shows the correct ownership.

Otherwise, anyone who innocently infringes the copyright and can prove that he or she was misled by the notice and obtained a transfer or license from the person named in the notice may have a complete defense against the infringement.

## Mandatory Deposit

**All works under copyright protection and published in the United States on or after March 1, 1989, are subject to mandatory deposit whether published with or without a notice.**

Works first published *before* March 1, 1989, are subject to mandatory deposit if they were published in the United States with notice of copyright. In general, within 3 months of publication in the United States, the owner of copyright or of the exclusive right of publication must deposit two copies (or, in the case of sound recordings, two phonorecords) of the work in the Copyright Office for the use or disposition of the Library of Congress.

The Copyright Office has issued regulations exempting certain categories of works entirely from the mandatory deposit requirements and reducing the obligation for other categories. If copyright registration is sought, the same deposit may be used for the mandatory deposit and for registration. For further information about mandatory deposit, request Circular 7D, *Mandatory Deposit of Copies or Phonorecords for the Library of Congress*.

## For Further Information

### Information via the Internet

Frequently requested circulars, announcements, regulations, other related materials, and all copyright application forms are available via the Internet. You may access these from the Copyright Office website at *www.copyright.gov*.

### Information by fax

Circulars and other information (but not application forms) are available by using a touchtone phone to access Fax-on-Demand at (202) 707-2600.

### Information by telephone

For general information about copyright, call the Copyright Public Information Office at (202) 707-3000. The TTY number is (202) 707-6737. Information specialists are on duty from 8:30 a.m. to 5:00 p.m., eastern time, Monday through Friday, except federal holidays. Recorded information is available 24 hours a day. Or, if you know which application forms and circulars you want, request them 24 hours a day from the Forms and Publications Hotline at (202) 707-9100. Leave a recorded message.

### Information by regular mail

Write to:

> Library of Congress
> Copyright Office
> Publications Section, LM-455
> 101 Independence Avenue, S.E.
> Washington, D.C. 20559-6000

U.S. Copyright Office · The Library of Congress · 101 Independence Avenue, SE · Washington, DC 20559-6000 · www.copyright.gov

CIRCULAR 3    PRINT REV: 01/2004—30,000    WEB REV: 01/2004    Printed on recycled paper                    U.S. GOVERNMENT PRINTING OFFICE: 2004-304-447/60,073