UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RICHARD RAPHAEL, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.: 05-CV-11617-MLW |
| v. | ) ) | |
| NBA PROPERTIES, INC., GETTY IMAGES (US), INC., and PHOTO FILE, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO SERVE FIFTEEN ADDITIONAL INTERROGATORIES ON PLAINTIFF**

I.  INTRODUCTION

Plaintiff Richard Raphael, by his attorneys, files this memorandum in opposition to Defendants' Motion for Leave to Serve Fifteen Additional Interrogatories on Plaintiff. Defendants offer no compelling grounds for subjecting Plaintiff to the burden of answering additional interrogatories when the Local Rules limit them to the 25 interrogatories they have already served and Plaintiff has already answered.

II.  BACKGROUND AND ARGUMENT

Plaintiff brought this copyright infringement suit against Defendants NBA Properties, Inc., Getty Images (US), Inc., and Photo File, Inc. (collectively "Defendants") arising out of their use and licensing of Plaintiff's photographs of NBA players and games. From the inception of this suit Defendants have been represented jointly by the law firm of Nixon Peabody LLP. On

Defendants' behalf, their counsel expressly agreed in the parties' Joint Statement, filed January 9, 2006, that the Defendants would together serve Plaintiff with 25 interrogatories at most.

Defendants now seek to renege on their agreement. This is not due to any unforeseeable factual developments in the course of the litigation. Instead, Defendants simply do not believe the rules should apply to them, and that their discovery agreements can be revoked at will. Defendants made certain choices in this litigation which they now seek to evade. First, they chose to agree to issue a total of 25 interrogatories to Plaintiff. Then, they chose what questions to ask in the 25 interrogatories that were served upon Plaintiff. Surely when issuing their interrogatories Defendants could have inquired into the publication, notice, and registration issues that are the subject of the additional 15 interrogatories Defendants now seek to propound. But they determined not to.

Only now, approximately a year after the lawsuit was filed, do Defendants conclude that 25 interrogatories simply will not suffice and that they must inquire in painstaking and burdensome detail into publication, notice, and registration—issues which were evident to Defendants to begin with, as they relate to standard copyright infringement defenses. There have been no unexpected disclosures during the course of discovery concerning Plaintiff's copyrighted material to merit inquires that could have been made through the interrogatories already issued. Indeed, information concerning Plaintiff's copyright registrations has always been available on-line from the U.S. Copyright Office website. Nothing has happened during the course of discovery to justify rewriting the rules to accommodate the Defendants. There is no reason that these Defendants, with their collective resources, should not be required to adhere to the agreement they made, and to the rules governing litigants in this judicial district.

Defendants utterly fail to demonstrate that they *require* these additional interrogatories in order to be able to defend against the copyright infringement claims. The information they seek is directly available to them through deposition. Indeed, Defendants have resisted the suggestion that they first take the Plaintiff's deposition, which might very well resolve publication, notice, and registration questions in a more efficient manner. Defendants should at the very least exhaust other avenues of discovery before they plead for special consideration and the privilege of burdening Plaintiff with further interrogatories.[1]

The unfairly burdensome nature of Defendants' discovery strategy cannot be overstated. Although the additional interrogatories proffered number only fifteen, many have voluminous subparts, as they call for information as to each and every one of the over 200 photographs that Plaintiff has registered with the U.S. Copyright Office. (See proposed interrogatories nos. 28-31, 40). Thus, in effect Plaintiff would be compelled to answer hundreds of additional questions if Defendants are given leave to propound these additional interrogatories. The burden to Plaintiff would be substantial.

The purpose of the interrogatory limitation in the Local Rules is to serve the interests of efficiency and to avoid undue burden on litigants—it being understood that by their very nature interrogatories are costly and time-consuming to respond to. If these Defendants in these circumstances can side step not only the limitation in the Local Rules but their express agreement, what is to prevent wholesale disregard of the interrogatory limit by any party? The interests of justice would be better served by enforcing the interrogatory limit.

---

[1] Note that Defendants have also burdened Plaintiff with excessive document requests. Defendants' first and second requests for production of documents contain no fewer then 107 document requests.

III. CONCLUSION

For the above reasons, Plaintiff Richard Raphael respectfully requests that Defendants' Motion for Leave to Serve Fifteen Additional Interrogatories on Plaintiff be denied.

                Respectfully submitted,

                RICHARD RAPHAEL,
                By his attorneys,

                _____
                Jeffrey P. Allen (BBO#015500)
                Molly Cochran (BBO# 551833)
                Seegel, Lipshutz & Wilchins, P.C.
                20 William St., Suite 130
                Wellesley, MA 02481
                (781) 237-4400

Dated: September 7, 2006

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served via facsimile and regular U.S. mail on Gina M. McCreadie, Esq., Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110 this 7th day of September, 2006.

                _____
                Molly Cochran

285831.1.3358.7000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RICHARD RAPHAEL, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.:  05-CV-11617-MLW |
| v. | ) ) | |
| NBA PROPERTIES, INC., GETTY IMAGES (US), INC., and PHOTO FILE, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO SERVE FIFTEEN ADDITIONAL INTERROGATORIES ON PLAINTIFF**

I.  INTRODUCTION

Plaintiff Richard Raphael, by his attorneys, files this memorandum in opposition to Defendants' Motion for Leave to Serve Fifteen Additional Interrogatories on Plaintiff. Defendants offer no compelling grounds for subjecting Plaintiff to the burden of answering additional interrogatories when the Local Rules limit them to the 25 interrogatories they have already served and Plaintiff has already answered.

II.  BACKGROUND AND ARGUMENT

Plaintiff brought this copyright infringement suit against Defendants NBA Properties, Inc., Getty Images (US), Inc., and Photo File, Inc. (collectively "Defendants") arising out of their use and licensing of Plaintiff's photographs of NBA players and games.  From the inception of this suit Defendants have been represented jointly by the law firm of Nixon Peabody LLP.  On

Defendants' behalf, their counsel expressly agreed in the parties' Joint Statement, filed January 9, 2006, that the Defendants would together serve Plaintiff with 25 interrogatories at most.

Defendants now seek to renege on their agreement. This is not due to any unforeseeable factual developments in the course of the litigation. Instead, Defendants simply do not believe the rules should apply to them, and that their discovery agreements can be revoked at will. Defendants made certain choices in this litigation which they now seek to evade. First, they chose to agree to issue a total of 25 interrogatories to Plaintiff. Then, they chose what questions to ask in the 25 interrogatories that were served upon Plaintiff. Surely when issuing their interrogatories Defendants could have inquired into the publication, notice, and registration issues that are the subject of the additional 15 interrogatories Defendants now seek to propound. But they determined not to.

Only now, approximately a year after the lawsuit was filed, do Defendants conclude that 25 interrogatories simply will not suffice and that they must inquire in painstaking and burdensome detail into publication, notice, and registration—issues which were evident to Defendants to begin with, as they relate to standard copyright infringement defenses. There have been no unexpected disclosures during the course of discovery concerning Plaintiff's copyrighted material to merit inquires that could have been made through the interrogatories already issued. Indeed, information concerning Plaintiff's copyright registrations has always been available on-line from the U.S. Copyright Office website. Nothing has happened during the course of discovery to justify rewriting the rules to accommodate the Defendants. There is no reason that these Defendants, with their collective resources, should not be required to adhere to the agreement they made, and to the rules governing litigants in this judicial district.

Defendants utterly fail to demonstrate that they *require* these additional interrogatories in order to be able to defend against the copyright infringement claims. The information they seek is directly available to them through deposition. Indeed, Defendants have resisted the suggestion that they first take the Plaintiff's deposition, which might very well resolve publication, notice, and registration questions in a more efficient manner. Defendants should at the very least exhaust other avenues of discovery before they plead for special consideration and the privilege of burdening Plaintiff with further interrogatories.[1]

The unfairly burdensome nature of Defendants' discovery strategy cannot be overstated. Although the additional interrogatories proffered number only fifteen, many have voluminous subparts, as they call for information as to each and every one of the over 200 photographs that Plaintiff has registered with the U.S. Copyright Office. (See proposed interrogatories nos. 28-31, 40). Thus, in effect Plaintiff would be compelled to answer hundreds of additional questions if Defendants are given leave to propound these additional interrogatories. The burden to Plaintiff would be substantial.

The purpose of the interrogatory limitation in the Local Rules is to serve the interests of efficiency and to avoid undue burden on litigants—it being understood that by their very nature interrogatories are costly and time-consuming to respond to. If these Defendants in these circumstances can side step not only the limitation in the Local Rules but their express agreement, what is to prevent wholesale disregard of the interrogatory limit by any party? The interests of justice would be better served by enforcing the interrogatory limit.

---

[1] Note that Defendants have also burdened Plaintiff with excessive document requests. Defendants' first and second requests for production of documents contain no fewer then 107 document requests.

III.   CONCLUSION

For the above reasons, Plaintiff Richard Raphael respectfully requests that Defendants' Motion for Leave to Serve Fifteen Additional Interrogatories on Plaintiff be denied.

Respectfully submitted,

RICHARD RAPHAEL,
By his attorneys,

 /s/ Molly Cochran
_____
Jeffrey P. Allen (BBO#015500)
Molly Cochran (BBO# 551833)
Seegel, Lipshutz & Wilchins, P.C.
20 William St., Suite 130
Wellesley, MA  02481
(781) 237-4400

Dated:  September 7, 2006

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served via facsimile and regular U.S. mail on Gina M. McCreadie, Esq., Nixon Peabody LLP, 100 Summer Street, Boston, MA  02110 this 7th day of September, 2006.

 /s/ Molly Cochran
_____
Molly Cochran

285831.1.3358.7000