UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


RICHARD RAPHAEL
                Plaintiff(s)

        v.                      CIVIL ACTION
                                NO.  05-11617-MLW


NBA PROPERTIES, INC. et al
                Defendant(s)


SCHEDULING ORDER

WOLF, D.J.


        This case is governed procedurally by the 1992 Amendments to
the Local Rules of the United States District Court for the
District of Massachusetts (the "Local Rules"), which implement the
District's Civil Justice Expense and Delay Reduction Plan.  Counsel
must, therefore, comply with the relevant Local Rules in the
litigation of this case.

        It is hereby ORDERED pursuant to Fed. R. Civ. P. 16(b) and
Local Rule 16(f) that:

[X] 1.   Any Motion to Amend the pleadings, or any Motion to File
additional pleadings, shall be filed by NOVEMBER 30, 2006   and
responses shall be filed as required by the applicable provisions
of the Federal Rules of Civil Procedure.

[X] 2.   The parties shall by SEPTEMBER 22, 2006   make the
automatic document disclosure required by Local Rule 26.2(A) and,
if applicable, disclose the information required by Local Rule 35.1

[X] 3.   The parties shall by SEPTEMBER 22, 2006   make the
disclosure authorized by Local Rule 26.1(B)(1) and (2).

[X] 4.   Counsel for the parties shall meet at least once to
explore the possibility of settlement and report to the court by
NOVEMBER 10, 2006   the status and prospects for settlement.

        If the case is not settled, the parties shall report whether
they wish to participate in mediation to be conducted by a
magistrate judge or attorney on the Court's panel of mediators.

[X]   5.   Plaintiff(s) and/or Counterclaim or Third Party Plaintiff(s) shall by DECEMBER 28, 2006 designate experts and disclose the information described in Fed. R. Civ. P. 26(a)(2), concerning each expert.   Each other party shall by FEBRUARY 28, 2007 designate expert(s) and disclose the information described in Fed. R. Civ. P. 26(a)(2).

[X]   6.   All discovery shall be complete by APRIL 30, 2007.

[X]   7.   Counsel for the parties shall confer and, by MAY 18, 2007, file a report as to the prospects for settlement and whether either party feels there is a proper basis for filing a motion for summary judgment.

[X]   8.   A scheduling conference will be held on MAY 23, 2007 at 4:00 PM and must be attended by trial counsel with full settlement authority or with their client(s). If appropriate, a schedule for filing motions for summary judgment will be established at this conference.

[X]   9.   A final pretrial conference will be held on JUNE 12, 2007at 4:00 PM and must be attended by trial counsel with full settlement authority or with their client. Counsel shall be prepared to commence trial as of the date of the final pretrial conference.

[X]   10.   Trial shall commence on JUNE 18, 2007.

All provisions and deadlines contained in this Order having been established with the participation of the parties to this case, any requests for modification must be presented to the judge or magistrate judge, if referred for case management proceedings. Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertinent portions of the record.   The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery.

Counsel are encouraged to seek an early resolution of this matter.  Additional case management conferences may be scheduled by the Court or upon the request of counsel.


                              By the Court,
                              DENNIS P. O'LEARY



September 18, 2006                /s/ Dennis O'Leary
Date                             Deputy Clerk

JS 44 (Rev. 11/04)  Case 2:05-cv-01326-MJSZ  Document 3822  Filed 07/28/2005  Page 1 of 1

# CIVIL COVER SHEET  ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS
Earth Products, a California corporation

## DEFENDANTS
Meynard Designs, Inc., a Massachusetts corporation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  State of California
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____.  _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Cindy L. Caditz
Christensen O'Connor Johnson Kindness
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
206.695.1715

ATTORNEYS (IF KNOWN)

FILED ___ ENTERED
LODGED ___ RECEIVED
JUL 28 2005  MR
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

CV05·1326

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury - Med. Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury - Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault, Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | ☐820 Copyrights | ☐450 Commerce |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | **PERSONAL PROPERTY** | ☐640 R.R. & Truck | ☐830 Patent | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | ☐370 Other Fraud | ☐650 Airline Regs. | ☒840 Trademark | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐345 Marine Product Liability | ☐371 Truth in Lending | ☐660 Occupational Safety/Health | | ☐480 Consumer Credit |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐380 Other Personal Property Damage | ☐690 Other | **LABOR** | **SOCIAL SECURITY** | ☐490 Cable/Sat TV |
| ☐160 Stockholders' Suits | ☐355 Motor Vehicle Product Liability | ☐385 Property Damage Product Liability | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐810 Selective Service |
| ☐190 Other Contract | ☐360 Other Personal Injury | **PRISONER PETITIONS** | ☐720 Labor/Mgmt. Relations | ☐862 Black Lung (923) | ☐850 Securities/Commodities/Exchange |
| ☐195 Contract Product Liability | | ☐510 Motions to Vacate Sentence | ☐730 Labor/Mgmt. Reporting & Disclosure Act | ☐863 DIWC/DIWW(405(g)) | ☐875 Customer Challenge 12 USC 3410 |
| ☐196 Franchise | **CIVIL RIGHTS** | **HABEAS CORPUS** | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐890 Other Statutory Actions |
| **REAL PROPERTY** | ☐441 Voting | ☐530 General | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐891 Agricultural Acts |
| ☐210 Land Condemnation | ☐442 Employment | ☐535 Death Penalty | ☐791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐892 Economic Stabilization Act |
| ☐220 Foreclosure | ☐443 Housing/ Accommodations | ☐540 Mandamus & Other | | ☐870 Taxes (US Plaintiff or Defendant) | ☐893 Environmental Matters |
| ☐230 Rent Lease & Ejectment | ☐444 Welfare | ☐550 Civil Rights | | ☐871 IRS Third Party 26 USC 7609 | ☐894 Energy Allocation Act |
| ☐240 Torts to Land | ☐445 Amer. w/Disabilities - Employment | ☐555 Prison Condition | | | ☐895 Freedom of Information Act |
| ☐245 Tort Product Liability | ☐446 Amer. w/Disabilities - Other | | | | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐290 All Other Real Property | ☐440 Other Civil Rights | | | | ☐950 Constitutionality of State Statutes |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.)
This is an action arising out of the Trademark Act of 1946, 15 U.S.C. § 1051, et. seq., the laws of the State of Washington, and the common law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ to be determined at trial
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE

DATE
July 28, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____

05-CV-01326-CVSHT

KPEP02794600.DOC

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

**JUL 28 2005** **MR**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON



**05-CV-01326-CMP**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

EARTH PRODUCTS INC., a California
corporation,

    Plaintiff,

    v.

MEYNARD DESIGNS, INC., a Massachusetts
corporation,

    Defendant.

No. **CV05 · 1326**

**COMPLAINT FOR TRADEMARK
INFRINGEMENT, FALSE
DESIGNATION OF ORIGIN, AND
VIOLATION OF WASHINGTON
STATE LAW**

**JURY TRIAL REQUESTED**

**ORIGINAL**

## I.  THE PARTIES

1.  Plaintiff Earth Products Inc. ("Earth Products") is a California corporation, having a place of business at 5830 El Camino Real, Carlsbad, CA 92008.

2.  Upon information and belief, Defendant Meynard Designs, Inc. ("Meynard") is a Massachusetts corporation, having a place of business is at 763 Salem End Road, Framingham, MA 01702.

## II.  JURISDICTION AND VENUE

3.  This is an action arising out of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, the laws of the State of Washington, and the common law. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1332 (diversity jurisdiction), 28 U.S.C. § 1338 (acts of Congress

COMPLAINT - 1
KPER/2794COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

1  relating to trademarks and unfair competition), and 28 U.S.C. § 1367 (supplemental

2  jurisdiction of related state law claims). The amount in controversy exceeds the sum or value

3  of $75,000.00.

4       4.     Venue is proper in this jurisdiction under 28 U.S.C. § 1391.

5       5.     This Court has personal jurisdiction over Meynard because Meynard regularly

6  transacts business within this district and has committed tortious acts within this district.

7            **III.    EARTH PRODUCTS RIGHTS**

8       6.     Earth Products has directly and through its predecessor-in-interest adopted and

9  used the mark EARTH in association with the sale of clothing since at least as early as 1990

10  and currently owns the valid and exclusive right to use the mark in association with the sale of

11  clothing throughout the United States.

12       7.     The adoption and use of the mark EARTH for clothing by Earth Products in

13  1990 was in good faith and was the first use of the mark EARTH in association with the sale

14  of clothing.

15       8.     Meynard has asserted that the first use of the mark EARTH for clothing by

16  Meynard or its predecessor-in-interest did not occur until 1994.

17       9.     Earth Products has at all times since adoption exercised exclusive control of

18  the mark EARTH mark as used in association with clothing. Earth Products has used the

19  mark EARTH in association with the promotion, advertisement and sale of clothing

20  throughout the United States in advertising, print media, display at trade shows, point of sale

21  materials, and promotional events.

22       10.    From a date prior to any date upon which Meynard may rely, Earth Products

23  has continuously and, with the exception of Meynard's infringing acts, exclusively used the

24  mark EARTH in association with the sale of clothing.

25       11.    The EARTH mark serves to identify the clothing of Earth Products and has

26  come to be recognized by the purchasing public as an indication of clothing of unique

27  characteristics and quality that originates from Earth Products. As a result, the EARTH mark

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESSᴾᴸᴸᶜ

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

1  and the goodwill associated therewith represent substantial value possessed and enjoyed by
2  Earth Products.

3                    **IV.    MEYNARD'S INFRINGING ACTIVITIES**

4          12.    On information and belief, Meynard is a successor-in-interest to the rights of
5  the owner of the mark EARTH used in association with the promotion of footwear that was
6  developed by a Yoga teacher from Copenhagen by the name of Anne Kalso.  Ms. Kalso
7  invented a sole design called the negative heel technology in which the heel of the shoe is
8  lower than the toe of the shoe. This EARTH shoe sold by Meynard in the 1970's had a very
9  *limited appeal to a limited customer base and therefore was not broadly or widely known.*

10         13.    On information and belief, the shoes invented by Anne Kalso were introduced
11  by Meynard's predecessor-in-interest in 1970.  After several years of sales, the sellers of
12  EARTH shoes encountered business difficulties and the shoe was not available for
13  intermittent periods of time, some of which exceeded three years and during which there was
14  no specific intention to resume use of the mark EARTH for any products.

15         14.    In 2003 Meynard Designs, Inc. acquired purported rights to the mark EARTH
16  for footwear and also acquired ownership of  U.S. Registration No. 2,199,118 and U.S.
17  Registration 2,249826 for the mark EARTH.

18         15.    U.S. Registration No. 2,199,118 issued October 20, 1998 for the mark EARTH
19  and claims clothing, namely, socks, t-shirts, caps, hats, sweatshirts.  On October 15, 2003
20  Earth Products initiated Cancellation Action 92042587 before the U.S. Patent and Trademark
21  Office Trademark Trial and Appeal Board by filing a Petition seeking cancellation of U.S.
22  Registration No. 2,199,118.

23         16.    U.S. Registration No. 2,249,826 issued June 1, 1999 for the mark EARTH and
24  claims clothing, namely, jeans, pants, belts, shirts, sweaters, jackets, and coats.  On October
25  15, 2003 Earth Products initiated Cancellation Action 92042597 before the U.S. Patent and
26  Trademark Office Trademark Trial and Appeal Board by filing a Petition seeking cancellation
27  of U.S. Registration No. 2,249,826.

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA. 98101-2347
TELEPHONE: 206.682.8100

17.     On information and belief, Meynard recently commenced the use of the mark EARTH in association with the sale and promotion of clothing.

18.     Because Earth Products owns the exclusive right to use the mark EARTH in association with the sale of clothing, Earth Products is entitled to cancellation of U.S. Registration No. 2,249,826 and U.S. Registration No. 2,199,118.

19.     The use of the mark EARTH by Meynard in association with the sale of clothing is likely to cause confusion among customers as to the source of the clothing or may cause customers to believe that Meynard's clothing sold or promoted in association with the mark EARTH is associated with, endorsed by or sponsored by Earth Products.  For these reasons, the use of the mark EARTH by Meynard in association with the sale of clothing infringes valuable rights owned by Earth Products and causes injury and damage to Earth Products.

20.     Meynard's use of the mark EARTH in association with the labeling, packaging, advertising, and marketing of clothing has caused, and is likely to continue to cause, confusion, mistake or customer deception as to the source of said clothing.  Further, Meynard's use of the mark EARTH gives the mistaken impression that Meynard's products are endorsed by Earth Products, or that Meynard's products are sponsored by, affiliated with, or in some way connected with Earth Products.

21.     Meynard's actions are without license or consent of Earth Products and have caused, and unless restrained by this Court, will continue to cause serious and irreparable injury to Earth Products, and serious and irreparable injury to the goodwill associated with the mark EARTH for clothing.  Earth Products' remedies at law are not adequate to compensate for the injury caused by Meynard actions because Earth Products is entitled to be in exclusive control of the mark EARTH as used in association with clothing in order to prevent the likelihood that customers may be confused, mistaken, or deceived into believing that the clothing sold by Meynard originate with Earth Products or are endorsed by, sponsored by, affiliated with, or in some way connected to Earth Products.

COMPLAINT - 4
KPEP\27994COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

1       22.    Earth Products advised Meynard of its prior rights in the mark EARTH as used

2 in association with clothing.  Despite Earth Products provision of express notice to Meynard

3 of Earth Products' exclusive rights in the mark EARTH for clothing Meynard initiated and

4 continues to manufacture, promote, and sell clothing in association with the mark EARTH in

5 violation of Earth Products' exclusive rights thereto.  Accordingly, Meynard's continued acts

6 of infringement are willful, and Earth Products is therefore entitled to recover all profits

7 derived from Meynard's acts of infringement, dilution, and false designation of origin,

8 including treble damages, together with all attorneys' fees and costs incurred by Earth

9 Products.

### COUNT I

### COMMON LAW TRADEMARK INFRINGEMENT

12       23.    Meynard's activities constitute trademark or trade name infringement in

13 violation of the common law of the States of Washington.

### COUNT II

### FALSE DESIGNATION OF ORIGIN

16       24.    Meynard's activities described herein constitute false designations of origin in

17 violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

### COUNT III

### VIOLATION OF WASHINGTON LAW

20       25.    Meynard's activities described herein constitute false and deceptive trade

21 practices and unfair competition in violation of R.C.W. § 19.86 et seq.

### PRAYER FOR RELIEF

23      Wherefore, Earth Products respectfully prays this Court for judgment against Meynard

24 for the following alternative and cumulative relief:

25       A.    Issuance of a permanent injunction prohibiting Meynard, its agents, servants,

26 employees, officers, successors, and assigns, and all persons, firms and corporations acting in

27

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE  206.682.8100

1  concert or in participation with Meynard or on Meynard's behalf, from using the mark

2  EARTH in association with the sale or distribution of clothing.

3        B.     Entry of judgment awarding compensatory and exceptional damages to be paid

4  by Meynard to Earth Products pursuant to 15 U.S.C. § 1117, R.C.W. § 19.86.090 and all other

5  applicable laws, plus reasonable attorney's fees and costs incurred in this matter;

6        C.     Issuance of an order requiring the abandonment and/or immediate assignment

7  to Earth Products of U.S. Registration No. 2,249,826 and U.S. Registration No. 2,199,118;

8  and

9        D.     For such other and further relief as this Court may deem just and proper.

10                                **JURY DEMAND**

11       Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Earth Products hereby

12  demands a trial by jury of all issues.

13       Dated this _28_ day of July, 2005.

14

15

16                                    F. Ross Boundy, WSBA No. 403
                                       Cindy L. Caditz, WSBA No. 16,701
17                                    Jerald E. Nagae, WSBA No. 8,521
                                       CHRISTENSEN O'CONNOR
18                                    JOHNSON KINDNESS PLLC
                                       1420 Fifth Avenue, Suite 2800
19                                    Seattle, WA 98101
                                       Phone: (206) 682-8100
20                                    Fax: (206) 224-0779
                                       E-mail: ross.boundy@cojk.com;
21                                    cindy.caditz@cojk.com
                                       jerald.nagae@cojk.com
22                                    Attorneys for Earth Products Inc.

23

24

25

26

27

COMPLAINT - 6
KPEF/27746COMPLAINT.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

| To: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313–1450 | *REPORT ON THE*<br>*FILING OR DETERMINATION OF AN*<br>*ACTION REGARDING A PATENT OR*<br>*TRADEMARK* |

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court WESTERN DISTRICT OF WASHINGTON on the following: ___ Patents or _X_ *Trademarks*:

| *DOCKET NO.*<br><br>2:05–cv–01326–TSZ | *DATE FILED*<br><br>7/28/05 | *US District Court* WESTERN DISTRICT OF WASHINGTON |
|---|---|---|
| PLAINTIFF<br><br>Earth Products Inc | | DEFENDANT<br><br>Meynard Designs Inc |

| *PATENT OR TRADEMARK NO.* | *PATENT OR TRADEMARK NO.* | *PATENT OR TRADEMARK NO.* |
|---|---|---|
| 1. See attached | 6. | 11. |
| 2. | 7. | 12. |
| 3. | 8. | 13. |
| 4. | 9. | 14. |
| 5. | 10. | 15. |

In the above–entitled case, the following patents(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY |
|---|---|
| | __ Amendment __ Answer __ Cross Bill __ Other Pleading |

| *PATENT OR TRADEMARK NO.* | *PATENT OR TRADEMARK NO.* | *PATENT OR TRADEMARK NO.* |
|---|---|---|
| 1. | 6. | 11. |
| 2. | 7. | 12. |
| 3. | 8. | 13. |
| 4. | 9. | 14. |
| 5. | 10. | 15. |

In the above–entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK<br><br>Bruce Rifkin | (BY) DEPUTY CLERK<br><br>MKB | DATE<br><br>8/1/05 |

Honorable Thomas S. Zilly

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF WASHINGTON AT SEATTLE
9

10   EARTH PRODUCTS INC., a California        Civil Action No. CV05 1326Z
     corporation,
                                              CORPORATE DISCLOSURE
11                   Plaintiff,               STATEMENT

12          v.

13   MEYNARD DESIGNS, INC., a Massachusetts
     corporation,
14
                     Defendant.
15

16          Pursuant to Fed. R. Civ. P. 7.1, Plaintiff EARTH PRODUCTS INC. hereby states that

17   one hundred percent (100%) of its stock is owned by K2 Inc..

18          Dated this 2nd day of August, 2005.

19

20

21

22

23

24

25

26

27

CORPORATE DISCLOSURE STATEMENT (CV05
1326Z) - 1
KPEP\2794602.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS[PLLC]

/s/_____
F. Ross Boundy, WSBA No. 403
Cindy L. Caditz, WSBA No. 16,701
Jerald E. Nagae, WSBA No. 8,521
ChristensenO'Connor Johnson Kindness[PLLC]
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  , courtdocs@efiling.com
Attorney for Plaintff

CORPORATE DISCLOSURE STATEMENT (CV05
1326Z) - 2
KPEP\2794602.DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS[PLLC]

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE:  206.682.8100

1

2

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

3

4

s/_____

Cindy L. Caditz, WSBA No. 16,701

ChristensenO'Connor Johnson Kindness^PLLC

5

1420 Fifth Avenue, Suite 2800

6

Seattle, WA  98101-2347

7

Telephone:  206.682.8100

Fax:  206.224.0779

8

E-mail:  , courtdocs@efiling.com

Attorney for Plaintff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE:  206.682.8100

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

Earth Products Inc

                  Plaintiff,

v.                                        Case No.: 2:05–cv–01326–TSZ

Meynard Designs Inc

                  Defendant.

---

**ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT**

### I.  INITIAL SCHEDULING DATES

Pursuant to the December 1, 2000 revisions to the Federal Rules of Civil Procedure, the Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | **09/20/2005** |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | **10/04/2005** |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Rule CR 16: | **10/04/2005** |

If this case involves claims which are exempt from the requirements of FRCP 26(a) and (f), please notify Casey Condon by telephone at 206–370–8520.

### II.  JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by **10/04/2005**. This conference shall be by direct and personal communication, whether that be a face–to–face meeting or a telephonic conference.  The Report will be used in setting a schedule for the prompt completion of the case.  It must contain the following information by corresponding paragraph numbers:

1.  A statement of the nature and complexity of the case.

2.  A statement of which ADR method (mediation, arbitration, or other) should be used. The alternatives are described in Local Rule CR 39.1 and in the ADR Reference Guide which is available from the clerk's office.  If the parties believe there should be no ADR, the reasons for that belief should be stated.

3.  Unless all parties agree that there should be no ADR, a statement of when mediation or another ADR proceeding under Local Rule CR 39.1 should take place.  In most cases, the ADR proceeding should be held within four months after the Report is filed.  It may be resumed, if necessary, after the first session.

4.  A proposed deadline for joining additional parties.

5.  A proposed discovery plan that indicates:

> A.   The date on which the FRCP 26(f) conference and FRCP 26(a) initial disclosures took place;
>
> B.   The subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused upon particular issues;
>
> C.   What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, and what other limitations should be imposed;
>
> D.   A statement of how discovery will be managed so as to minimize expense (e.g., by foregoing or limiting depositions, exchanging documents informally, etc.); and
>
> E. Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).

6.  The date by which the remainder of discovery can be completed.

7.  Whether the parties agree that a full–time Magistrate Judge may conduct all proceedings, including trial and the entry of judgment, under 28 U.S.C. § 636(c) and Local Rule MJR 13.  The Magistrate Judge who will be assigned the case is Mary Alice Theiler.  Agreement in the Report will constitute the parties' consent to referral of the case to the assigned Magistrate Judge.

8.  Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

9.  Whether the pretrial statements and pretrial order called for by Local Rules CR 16(e), (h), (i), and (l), and 16.1 should be dispensed with in whole or in part for the sake of economy.

10.  Any other suggestions for shortening or simplifying the case.

11.  The date the case will be ready for trial.

12.  Whether the trial will be jury or non–jury.

13.  The number of trial days required.

14.  The names, addresses, and telephone numbers of all trial counsel.

15.  If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f)

conference and FRCP 26(a) initial disclosures.

16.  Whether any party wishes a scheduling conference prior to a scheduling order being entered in the case.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs.  No separate reports are to be filed.

The time for filing the Report may be extended only by court order.  Any request for extension should be made by telephone to Casey Condon, by telephone at 206–370–8520.

If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify the deputy clerk, Casey Condon, by telephone at 206–370–8520.

### III.  PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is delivered by the clerk to counsel for plaintiff (or plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or plaintiff, if pro se) is directed to serve copies of this Order on all parties who appear after this Order is filed within ten (10) days of receipt of service of each appearance.  Plaintiff's counsel (or plaintiff, if pro se) will be responsible for starting the communications needed to comply with this Order.

### IV. EARLY SETTLEMENT CONSIDERATION

When civil cases are settled early –– before they become costly and time–consuming –– all parties and the court benefit.  The Federal Bar Association Alternative Dispute Resolution Task Force Report for this district stated:

> [T]he major ADR related problem is not the percentage of civil cases that ultimately settle, since statistics demonstrate that approximately 95% of all cases are resolved without trial.  However, the timing of settlement is a major concern.  Frequently, under our existing ADR system, case resolution occurs far too late, after the parties have completed discovery and incurred substantial expenditure of fees and costs.

The judges of this district have adopted a resolution "approving the Task Force's recommendation that court–connected ADR services be provided as early, effectively, and economically as possible in every suitable case."

The steps required by this Order are meant to help achieve that goal while preserving the rights of all parties.

If settlement is achieved, counsel shall notify Casey Condon, deputy clerk, at 206–370–8520.

### V.  SANCTIONS

A failure by any party to comply fully with this Order may result in the imposition of sanctions.

DATED:   August 5, 2005

s/ Thomas S. Zilly
United States District Judge

# United States District Court

<u>WESTERN</u> _____ DISTRICT OF_____ <u>WASHINGTON</u> _____

EARTH PRODUCTS, INC. A
CALIFORNIA CORPORATION

**SUMMONS IN A CIVIL CASE**

**V.**

CASE NUMBER:

MEYNARD DESIGNS, INC. A
MASSACHUSETTS
CORPORATION

# CV05·1326

TO:   Meynard Designs, Inc.
763 Salem End Road
Framingham, MA 01702

ORIGINAL

05-CV-01326-DECL

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Cindy L. Caditz, Esq.
Christensen O'Connor Johnson Kindness[PLLC]
1420 Fifth Avenue, Suite 2800
Seattle, Washington 98101-2347

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

(BY) DEPUTY CLERK

DATE   7/28/05

KPEP(0294601.Doc

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the summons and complaint was made by me[1] | **DATE** 8/8/2005 | |
| NAME OF SERVER *(PRINT)* Tamara Berton | **TITLE** Process Server | |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: 135 2ND AVE.
Time of Service: 4:25 PM          WALTHAM, MA

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

☐ Returned unexecuted: _____

AUG 1 2 2005  **MR**

AT SEATTLE
CLERK OF DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

☒ Other *(specify)*: Summons and complaint was served personally to Philippe Meynard, President of Meynard Designs, Inc. Age: 38  Sex: male  Height: 5'10"  Weight: 180 lbs  Skin: white  Hair: brown  Build: slim  Other: no glasses, No facial hair

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL Multiple Attempts $300 | SERVICES $50 | TOTAL $350 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  August 8, 2005
*Date*

*Tamara Berton*
**Signature of Server**

251 Blue Hills Parkway
**Address of Server**
Milton, MA 02186

[1] As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

★     JUL 2 9 2005     ★

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

No. **CV05 · 1326z**

EARTH PRODUCTS INC., a California corporation,

Plaintiff,

v.

MEYNARD DESIGNS, INC., a Massachusetts corporation,

Defendant.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND VIOLATION OF WASHINGTON STATE LAW

**JURY TRIAL REQUESTED**

**COPY**

## I.   THE PARTIES

1.      Plaintiff Earth Products Inc. ("Earth Products") is a California corporation, having a place of business at 5830 El Camino Real, Carlsbad, CA 92008.

2.      Upon information and belief, Defendant Meynard Designs, Inc. ("Meynard") is a Massachusetts corporation, having a place of business is at 763 Salem End Road, Framingham, MA 01702.

## II.   JURISDICTION AND VENUE

3.      This is an action arising out of the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, the laws of the State of Washington, and the common law. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1332 (diversity jurisdiction), 28 U.S.C. § 1338 (acts of Congress

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE: 206.682.8100

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EARTH PRODUCTS INC., a California
corporation,

                   Plaintiff,

      v.

MEYNARD DESIGNS, INC., a Massachusetts
corporation,

                   Defendant.

No. CV05-1326Z

NOTICE OF APPEARANCE

TO:       Earth Products, Inc., Plaintiff

AND TO:   F. Ross Boundy, Cindy L. Caditz and Jerald E. Nagae, Christensen
           O'Connor Johnson Kindness PLLC

      PLEASE TAKE NOTICE THAT Meynard Designs, Inc., the defendant above

named, hereby makes and enters its appearance in the above-entitled action by its

undersigned attorneys and requests that all future papers or pleadings except original process

be served upon its said attorneys at their addresses stated below.

//

//

NOTICE OF APPEARANCE (CV05-1326Z) — 1
SEA 1684543v1 69381-1

DATED this 25th day of August, 2005.

Davis Wright Tremaine LLP

By _Stuart Dunwoody_____
Stuart R. Dunwoody
WSBA #13948
Eric M. Stahl
WSBA #27619

2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101-1688
Tel:  (206) 622-3150
Fax:  (206) 628-7699
Email:  stuartdunwoody@dwt.com
Email:  ericstahl@dwt.com

Of Counsel:

Michael A. Albert
Laura Topper
Wolf, Greenfield & Sacks, P.C.
600 Atlantic Avenue
Boston, MA 02210-2206
Tel:  (617) 720-3500
Fax:  (617) 720-2441
Email:  malbert@wolfgreenfield.com
Email:  ltopper@wolfgreenfield.com

Attorneys for Defendant Meynard Designs,
Inc.

NOTICE OF APPEARANCE (CV05-1326Z) — 2

SEA 1684543v1 69381-1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of August, 2005, I caused to be filed

electronically with the court using the CM/ECF system, which will send notification of

such filing, and I served a true and correct copy of the following document by the method

indicated below and addressed as follows:

Notice of Appearance

| | |
|---|---|
| F. Ross Boundy | _____ U.S. Mail |
| Cindy L. Caditz | __X__ Hand Delivery |
| Jerald E. Nagae | _____ Overnight Mail |
| Christensen O'Connor Johnson Kindness | _____ Facsimile |
| PLLC | _____ CM/ECF Notification |
| 1420 Fifth Avenue, Suite 2800 | |
| Seattle, WA 98101 | |
| Tel: (206) 682-8100 | |
| Fax: (206) 224-0779 | |
| Email: ross.boundy@cojk.com | |
| Email: cindy.caditz@cojk.com | |
| Email: jerald.nagae@cojk.com | |

DATED this 25th day of August, 2005.

_mailyn N. Boyd_____
Marilyn N. Boyd

NOTICE OF APPEARANCE (CV05-1326Z) — 3

SEA 1684543v1 69381-1



**05-CV-01326-SUMM**

FILED ____ ENTERED
LODGED ____ RECEIVED

AUG 26 2005   MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                          DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

## APPLICATION FOR LEAVE TO APPEAR PRO HAC VICE

| | |
|---|---|
| EARTH PRODUCTS, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> MEYNARD DESIGNS, INC. <br><br> Defendant(s). | Case No. CV05-1326Z <br><br> APPLICATION FOR LEAVE TO APPEAR PRO HAC VICE |

Pursuant to Local General Rule 2(d) of the United States District Court for the Western District of Washington, Laura Topper hereby applies for permission to appear and participate as counsel in the above entitled action on behalf of the Defendant Meynard Designs, Inc.

This application is based upon the following:

The particular need for my appearance and participation is:
I am co-lead counsel for defendant in this action.

I, Laura Topper ,understand that I am charged with knowing and complying with all applicable local rules;

I have not been disbarred or formally censured by a court of record or by a state bar association; and there are no pending disciplinary proceedings against me.

I declare under penalty of perjury that the foregoing is true and correct.

Date 8/23/05    Signature of applicant Laura Topper

### I have enclosed the required filing fee of $75.00

Receipt number (to be completed by the court): _____

APPLICANT'S NAME:   Laura Topper

APPLICANT'S FIRM: Wolf, Greenfield & Sacks, P.C.

APPLICANT'S ADDRESS 600 Atlantic Avenue

| Street Address | Room/Suite |

Boston, MA 02210-2206        (617) 720-3500

City / State /ZIP        Phone number (include area code)

## STATEMENT OF LOCAL COUNSEL

I am authorized, and will be prepared, to handle this matter, including trial, in the event the applicant _Laura Topper_ is unable to be present upon any date assigned by the court.

DATED this _26th_ day of _August_, 20 _05_.

_____
Signature of local counsel

LOCAL COUNSEL NAME AND BAR NUMBER:
Stuart R. Dunwoody          13948

LAW FIRM: Davis Wright Tremaine LLP

LOCAL COUNSEL'S ADDRESS: 1501 Fourth Avenue

Street Address        Room/Suite

Seattle, WA 98101-1688        (206) 628-7649

City / State / ZIP        Phone number (include area code)

## ORDER

IT IS ORDERED that the application of ___Laura Topper_____ to appear

and participate in this action is hereby approved.

DATED this __30__ day of __August__ , 20_05_.

**BRUCE RIFKIN, CLERK**
**UNITED STATES DISTRICT COURT**

BY: _____

**05-CV-01326-RPT**

FILED
LODGED
ENTERED
RECEIVED

AUG 26 2005 MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

I COURT

WESTERN DISTRICT OF WASHINGTON

### APPLICATION FOR LEAVE TO APPEAR PRO HAC VICE

| | |
|---|---|
| EARTH PRODUCTS, INC., <br> Plaintiff(s), <br><br> v. <br><br> MEYNARD DESIGNS, INC. <br> Defendant(s). | Case No. CV05-1326Z <br><br> APPLICATION FOR LEAVE TO APPEAR <br> PRO HAC VICE |

Pursuant to Local General Rule 2(d) of the United States District Court for the Western District

of Washington, David Wolf hereby applies for permission to

appear and participate as counsel in the above entitled action on behalf of the _____

Defendant Meynard Designs, Inc.

This application is based upon the following:

The particular need for my appearance and participation is:
I am co-lead counsel for defendant in this action.

I, David Wolf ,understand that I am charged with knowing

and complying with all applicable local rules;

I have not been disbarred or formally censured by a court of record or by a state bar association;

and there are no pending disciplinary proceedings against me.

I declare under penalty of perjury that the foregoing is true and correct.

Date 8/24/05   Signature of applicant _David Wolf_

### I have enclosed the required filing fee of $75.00

Receipt number (to be completed by the court): _____

APPLICANT'S NAME: David Wolf

APPLICANT'S FIRM: Wolf, Greenfield & Sacks, P.C.

APPLICANT'S ADDRESS 600 Atlantic Avenue

Boston, MA 02210-2206    Street Address    Room/Suite
(617) 720-3500

City / State /ZIP    Phone number (include area code)


## STATEMENT OF LOCAL COUNSEL

I am authorized, and will be prepared, to handle this matter, including trial, in the event the applicant ___ David Wolf ___ is unable to be present upon any date assigned by the court.

DATED this __26th__ day of __August__, 20 __06__.

_Stuart Dunwoody_
Signature of local counsel

LOCAL COUNSEL NAME AND BAR NUMBER:
Stuart R. Dunwoody    13948

LAW FIRM: Davis Wright Tremaine LLP

LOCAL COUNSEL'S ADDRESS: 1501 Fourth Avenue
   Street Address    Room/Suite

Seattle, WA 98101-1688    (206) 628-7649

City / State / ZIP    Phone number (include area code)

## ORDER

IT IS ORDERED that the application of David Wolf to appear
and participate in this action is hereby approved.

DATED this _30th_ day of _August_ , 200_5_.

**BRUCE RIFKIN, CLERK**
**UNITED STATES DISTRICT COURT**

BY: _C. Ledema_
_Deputy Clerk_