# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD RAPHAEL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-CV-11617-MLW |
| v. ) | |
| ) | |
| NBA PROPERTIES, INC., ) | |
| GETTY IMAGES (US), INC., and ) | |
| PHOTO FILE, INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ASSENTED TO MOTION TO ASSERT AN ADDITIONAL AFFIRMATIVE DEFENSE

Defendants NBA Properties, Inc., Getty Images (US), Inc., and Photo File, Inc. (collectively "Defendants"), with the assent of Plaintiff Richard Raphael, hereby move this Court to amend their Answer to the Complaint to assert one additional affirmative defense. Attached hereto as Exhibit A is *Defendants' Answer and Amended Affirmative Defenses to Plaintiff's Complaint and Defendant NBA Properties, Inc.'s Counterclaims Against Plaintiff*.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, after a responsive pleading has been served, "a party may amend the party's pleading only be leave of court or *by written consent of the adverse party*." *See* Fed. R. Civ. P. 15(a) (emphasis added). Counsel for the Defendants forwarded counsel for Mr. Raphael a copy of Defendants' proposed Amended Answer and the parties have conferred regarding this issue. By assenting to this Motion, Mr. Raphael provides written consent to Defendants' amendment of their Answer to assert one additional affirmative defense.

WHEREFORE, Defendants respectfully request this Court to:

1.      Grant Defendants' assented to motion to amend their Answer to the Complaint to

assert one additional affirmative; and

2.      Grant such further relief as is just and appropriate.


Respectfully submitted,

NBA PROPERTIES, INC.
GETTY IMAGES (US), INC., and
PHOTO FILE, INC.,

By their attorneys,

  /s/ Gina M. McCreadie
Nicholas G. Papastavros, BBO No. 635742
Mark D. Robins, BBO No. 559933
Gina M. McCreadie, BBO No. 661107
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Tel:  (617) 345-1000
Fax:  (617) 345-1300


Assented to:

  /s/ Molly Cochran (*with permission*)
Jeffrey P. Allen (BBO# 015500)
Molly Cochran (BBO# 551833)
Seegel, Lipshutz & Wilchins, P.C.
20 William St., Suite 130
Wellesley, MA  02481
(781) 237-4400

Dated:  November 30, 2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing *Defendants' Assented to Motion to Assert an Additional Affirmative Defense*, which was filed electronically with the Court through the Electronic Case Files system on November 30, 2006, will be sent electronically to registered counsel of record as identified on the Notice of Electronic Filing ("NEF") and a paper copy will be sent via first class mail on November 30, 2006 to any counsel of record who are not registered on NEF.

 /s/ Gina M. McCreadie
Gina M. McCreadie

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| RICHARD RAPHAEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-CV-11617-MLW |
| v. | ) | |
| | ) | |
| NBA PROPERTIES, INC., | ) | |
| GETTY IMAGES (US), INC., and | ) | |
| PHOTO FILE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' ANSWER AND AMENDED AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S COMPLAINT AND DEFENDANT**
**NBA PROPERTIES, INC.'S COUNTERCLAIMS AGAINST PLAINTIFF**

I.  Introduction

Defendants NBA Properties, Inc. ("NBA Properties"), Getty Images (US), Inc. ("Getty Images"), and Photo File, Inc. ("Photo File") (collectively "Defendants"), by and through their attorneys, hereby answer the Complaint of Plaintiff Richard Raphael ("Raphael") as follows:

Each numbered paragraph in this Answer responds to the identically numbered paragraph in Raphael's Complaint.  Defendants deny all allegations, declarations, claims or assertions in the Complaint that are not specifically admitted in this Answer.

II.  Parties

1.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2.     Defendant NBA Properties admits that it is a New York corporation having a principal place of business at 645 Fifth Avenue, New York, New York  10022-5910. Defendant NBA Properties further admits that NBA Entertainment, Inc. ("NBA Entertainment"), formerly a

separate corporation, is now a division of NBA Properties.  Defendants Getty Images and Photo

File lack knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 2 of the Complaint.

      3.     Defendant Getty Images admits that it is a New York corporation having a

principal place of business at 601 North 34th Street, Seattle, Washington  98103.  Defendants

NBA Properties and Photo File lack knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraph 3 of the Complaint.

      4.     Defendant Photo File admits that it is a New York corporation having a principal

place of business at 5 Odell Plaza, Yonkers, New York  10701.  Defendants NBA Properties and

Getty Images lack knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 4 of the Complaint.

III.  <u>Jurisdiction and Venue</u>

      5.     Paragraph 5 of the Complaint contains legal conclusions to which no responsive

pleading is required.  To the extent any response is required, such allegations are denied.

      6.     The first sentence of Paragraph 6 of the Complaint contains legal conclusions to

which no responsive pleading is required.  To the extent that any response is required, such

allegations are denied.

     Defendant NBA Properties admits that representative(s) of NBA Photos met with

Raphael in Massachusetts to negotiate an agreement dated October 1, 1995 ("October 1995

Agreement").  The content of such agreement speaks for itself, and to the extent that the

allegations in paragraph 6 of the Complaint purport to alter or vary the terms of the October 1995

Agreement, such allegations are denied.  Except as expressly admitted, Defendant NBA

Properties denies the allegations contained in paragraph 6 of the Complaint.  Defendants Getty

2

Images and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint.

7.      Defendant Getty Images denies the allegations of paragraph 7 of the Complaint. Defendants NBA Properties and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint.

8.      Defendant Photo File admits it maintains a website where images can be purchased by the general public.  Except as expressly admitted, Defendant Photo File currently lacks knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 8.  Defendants NBA Properties and Getty Images lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

IV.  <u>Facts</u>

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint.

12.      Paragraph 12 of the Complaint contains legal conclusions to which no responsive pleading is required.  To the extent any response is required, such allegations are denied.

13.      Defendants state that the content of copyright registrations TX-2-907-290, TX-2-940-653, and TX-2-940-654 speak for themselves, and to the extent that the allegations of paragraph 13 of the Complaint purport to alter or vary such copyright registrations, such

allegations are denied.  To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint.

14.    Defendant NBA Properties admits that NBA Photos and Raphael entered into the October 1995 Agreement.  The content of such agreement speaks for itself, and to the extent that paragraph 14 of the Complaint purports to alter or vary the terms of the October 1995 Agreement, such allegations are denied.  Defendant NBA Properties further admits that Raphael gave NBA Photos certain transparencies, and copies of black and white prints with contact sheets from his collection of NBA photographs.  Except as expressly admitted, Defendant NBA Properties denies the allegations of paragraph 14 of the Complaint.  Defendants Getty Images and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint.

15.    Defendant NBA Properties admits that NBA Photos and Raphael executed the October 1995 Agreement.  The content of such agreement speaks for itself, and to the extent that the allegations in paragraph 15 of the Complaint purport to alter or vary the terms of the October 1995 Agreement, such allegations are denied.  Except as expressly admitted, Defendant NBA Properties denies the allegations of paragraph 15 of the Complaint.  Defendants Getty Images and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

16.    Defendant NBA Properties admit that when NBA Photos and Raphael entered into the October 1995 Agreement, Raphael was paid an advance in the amount of thirty-thousand dollars ($30,000) in accordance to the terms of the October 1995 Agreement.  The content of such agreement speaks for itself, and to the extent that the allegations in paragraph 16 of the

Complaint purport to alter or vary the terms of the October 1995 Agreement, such allegations are denied.  Except as expressly admitted, Defendant NBA Properties denies the allegations of paragraph 16 of the Complaint.  Defendants Getty Images and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17.    Defendant NBA Properties denies the allegations of paragraph 17 of the Complaint.  Defendants Getty Images and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18.    Defendants deny the allegations of paragraph 18 of the Complaint.

19.    Defendant NBA Properties states that the rights of Raphael to sell his photographs, if any, are governed by the October 1995 Agreement, which speaks for itself.  To the extent that the allegations in paragraph 19 of the Complaint purport to alter or vary the terms of the October 1995 Agreement, such allegations are denied.  Defendant NBA Properties further states that it lacks knowledge or information sufficient to form a belief as to whether sales of Raphael's NBA photographs from 1970 to the present have provided Raphael with the primary source of his income.  Except as expressly admitted, Defendant NBA Properties denies the allegations of paragraph 19 of the Complaint.  Defendants Getty Images and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20.    Defendant NBA Properties admits that Raphael received statements from NBA Photos.  The content of such statements speak for themselves, and to the extent that the allegations in paragraph 20 of the Complaint purport to alter or vary the content of the statements, such allegations are denied.  Except as expressly admitted, Defendant NBA

Properties denies the allegations of paragraph 20 of the Complaint. Defendants Getty Images and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint.

21.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore deny the same.

22.    Defendants NBA Properties and Getty Images admit that certain photographs taken by Raphael were made available to third parties through Getty Images' website. Except as expressly admitted, Defendants NBA Properties and Getty Images deny the allegations of paragraph 22 of the Complaint. Defendant Photo File lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23.    Defendants NBA Properties and Photo File admit that NBA Entertainment or NBA Properties licensed certain photographs to Photo File. Defendants NBA Properties and Photo File further admit that Photo File makes certain photographs available for public sale through its website photofiledirect.com. Except as expressly admitted, Defendants NBA Properties and Photo File deny the allegations of paragraph 23 of the Complaint. Defendant Getty Images lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24.    Defendant NBA Properties admits that Raphael, through his counsel, sent NBA Properties a letter dated May 4, 2004, a true copy of which is attached as Exhibit B to the Complaint. The content of such letter speaks for itself, and to the extent that allegations in paragraph 24 of the Complaint purport to alter or vary the contents of the letter, such allegations are denied. Defendants Getty Images and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25.    Defendants deny the allegations of paragraph 25 of the Complaint as phrased.

## COUNT I – COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 501, *et seq*.
### (Raphael v. NBA Properties, Getty Images, and Photo File)

26.    Defendants incorporate by reference their responses to paragraphs 1 through 25 of the Complaint, as if fully sent forth herein.

27.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of paragraph 27 of the Complaint.  Defendants deny the allegations of the second sentence of paragraph 27 of the Complaint.

28.    Defendants deny the allegations of paragraph 28 of the Complaint as phrased.

29.    Defendants deny the allegations of paragraph 29 of the Complaint.

30.    Defendant NBA Properties denies the allegations of paragraph 30 of the Complaint.  Defendants Getty Images and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

31.    Defendants deny the allegations of paragraph 31 of the Complaint.

## COUNT II – DEMAND FOR ACCOUNTING
### (Raphael v. NBA Properties)

32.    Defendants incorporate by reference their responses to paragraphs 1 through 31 of the Complaint, as if fully sent forth herein.

33.    Defendant NBA Properties states that the content of the October 1995 Agreement speaks for itself.  To the extent the allegations in paragraph 33 of the Complaint purport to alter or vary the terms of the October 1995 Agreement, such allegations are denied.  Defendants Getty Images and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

34.    Defendant NBA Properties admits that it licensed certain photographs taken by Raphael.  Except as expressly admitted, Defendant NBA Properties denies the allegations of paragraph 34 of the Complaint.  Defendants Getty Images and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint.

35.    Defendant NBA Properties denies the allegations of paragraph 35 of the Complaint.  Defendants Getty Images and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint.

36.    Defendant NBA Properties denies the allegations of paragraph 36 of the Complaint.  Defendants Getty Images and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint.

### COUNT III – QUANTUM MERUIT
### (Raphael v. NBA Properties, Getty Images, and Photo File)

37.    Defendants incorporate by reference their responses to paragraphs 1 through 36 of the Complaint, as if fully sent forth herein.

38.    Defendant NBA Properties admits that Raphael gave duplicates of transparencies and black and white contact sheets of his photographs to NBA Photos pursuant to the October 1995 Agreement.  The content of such agreement speaks for itself, and to the extent that the allegations in paragraph 38 of the Complaint purport to alter or vary the terms of the October 1995 Agreement, such allegations are denied.  Defendants Getty Images and Photo File lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint.

39.    Defendants deny the allegations of paragraph 39 of the Complaint.

40.    Defendants deny the allegations of paragraph 40 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint and each cause of action contained therein fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this action to the extent that Raphael's copyright infringement claim is predicated upon copyrights that are not registered or not registered properly.

## THIRD AFFIRMATIVE DEFENSE

Due to the inconvenience of the parties and witnesses, and in the interests of justice, venue in this Court is improper.

## FOURTH AFFIRMATIVE DEFENSE

Raphael's claims are barred to the extent that they are predicated on copyrights owned by others.

## FIFTH AFFIRMATIVE DEFENSE

Raphael's claims are barred by the doctrine of fair use.

## SIXTH AFFIRMATIVE DEFENSE

The alleged actions that are the subject of the Complaint are permitted by license and/or implied license.

## SEVENTH AFFIRMATIVE DEFENSE

Raphael's claims are barred in whole or in part by the statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Raphael's claims are barred in whole or in part by laches.

## NINTH AFFIRMATIVE DEFENSE

Raphael's claims are barred in whole or in part by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Raphael's claims are barred in whole or in part by estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

Raphael's claims are barred in whole or in part by waiver.

## TWELFTH AFFIRMATIVE DEFENSE

Raphael's claims are barred by his own breach of contractual obligations to NBA Photos.

## THIRTEENTH AFFIRMATIVE DEFENSE

One or more of the photographs for which Raphael is seeking copyright protection has entered the public domain.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants reserve the right to amend its answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of the discovery process.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

(1)     Dismiss the Complaint in its entirety with prejudice;

(2)     Award Defendants the reasonable attorneys' fees, expenses and costs associated with this action, pursuant to 17 U.S.C. § 505 and/or other applicable law; and

(3)     Grant such further relief as is just and appropriate.

## JURY DEMAND

Defendants demand a trial by jury on each and every claim and defense so triable.

## <u>COUNTERCLAIMS BY DEFENDANT NBA PROPERTIES</u>

<u>Introduction</u>

Defendant NBA Properties, by and through its attorneys, hereby counterclaim against Raphael for breach of contract, breach of implied-in-fact contract, promissory estoppel, breach of the implied covenant of good faith and fair dealing, and for unfair and deceptive acts and practices pursuant to chapter 93A of the Massachusetts General Laws.

<u>Parties</u>

1.      On information and belief, Raphael is an individual residing at 43 Pilgrim Road, Marblehead, Massachusetts.

2.      Defendant NBA Properties is a New York corporation having a principal place of business at 645 Fifth Avenue, New York, New York  10022-5910.  NBA Entertainment is a division of NBA Properties having a principal place of business at 450 Harmon Meadow Boulevard, Secaucus, New Jersey  07094.  NBA Photos is a division of NBA Entertainment having a principal place of business at 450 Harmon Meadow Boulevard, Secaucus, New Jersey 07094.  Because NBA Photos is a division of NBA Properties and is not a separate legal entity, NBA Properties maintains the authority to enforce the legal rights of NBA Photos.

<u>Facts</u>

3.      By letter dated October 1, 1995, NBA Photos and Raphael entered into a valid and enforceable agreement (the "October 1995 Agreement") under which NBA Photos was to become the exclusive licensor of the photographs taken by Raphael.  A true and correct copy of the October 1995 Agreement is attached as Exhibit A to the Complaint.

4.      The October 1995 Agreement further provides that, upon its execution, NBA Photos will pay Raphael an advance in the amount of thirty-thousand dollars ($30,000) to be

11

applied against all future revenues due to Raphael from NBA Photos' licensing of Raphael's NBA photographs.

5.      The October 1995 Agreement further provides that upon its execution, Raphael will provide to NBA Photos for selection, original photographs, including "AAA" photographs, and other materials involving NBA players, coaches, or personalities, and that NBA Photos shall retain such originals and supply Raphael duplicate copies for his files.

6.      The October 1995 Agreement provides that NBA Photos has the option to hire Raphael as an independent contractor to take photographs for NBA Photos for $300 per day in connection with such assignments, and that NBA Photos would retain the copyright to all such photographs.

7.       Following the execution of the October 1995 Agreement, Raphael sent NBA Photos certain items, including certain duplicates of photographs, duplicates of transparencies, and black and white contact sheets.

8.      Following the execution of the October 1995 Agreement, NBA Photos paid Raphael the referenced advance in the amount of thirty-thousand dollars ($30,000).

9.      Following the execution of the October 1995 Agreement, NBA Photos hired Raphael for one or more assignments to take photographs, and NBA Photos paid Raphael $300 per day in connection will all such assignments.

10.      Following the execution of the October 1995 Agreement, NBA Photos licensed Raphael's photographs, and sent Raphael reports detailing the revenue earned by licensing such photographs.

11.      After NBA Photos received duplicates of certain materials, NBA Photos requested access to the remainder of Raphael's collection, as provided for in the October 1995

Agreement, including originals of Raphael's "AAA" photographs, duplicates of a limited number of "AAA" photographs as to which Raphael was permitted to retain originals, and originals of the remainder of Raphael's collection.  Notwithstanding this request, Raphael failed to deliver to NBA Photos these other materials.  Although Raphael acknowledged that he was required to deliver those other materials to NBA Photos, Raphael cancelled scheduled appointments with representative(s) of NBA Photos to view such photographs on at least two occasions.  Raphael never provided NBA Photos with such materials, as provided for in the October 1995 Agreement.

12.    Raphael ultimately resisted in fulfilling the terms of the October 1995 Agreement and withheld items he was required to provide to NBA Photos, on information and belief, to coerce NBA Photos to renegotiate the parties' contractual relationship.  On information and belief, Raphael also repudiated all obligations under the October 1995 Agreement to put further pressure on NBA Photos to renegotiate the parties' contractual relationship.

13.    As a consequence of Raphael failing to fulfill the terms of the October 1995 Agreement, NBA Photos has suffered damages and irreparable harm and continues to be damaged and irreparably harmed.

## COUNT I
### (Breach of Contract)

14.    Defendant NBA Properties incorporates by reference paragraphs 1 through 13 above as though fully set forth herein.

15.    NBA Photos has performed or substantially performed all of the obligations, conditions and covenants required of it under the October 1995 Agreement, except such obligations, conditions and covenants the performance of which has been excused by the conduct of Raphael.

16.     Raphael has breached the October 1995 Agreement by failing to deliver to NBA Photos a vast majority of Raphael's collection, including originals of Raphael's "AAA" photographs, duplicates of a limited number of "AAA" photographs as to which Raphael was permitted to retain originals, and originals of the remainder of Raphael's collection.  Raphael also repudiated all obligations under the October 1995 Agreement.

17.     As a direct, foreseeable, and proximate result of Raphael's breach and/or repudiation, NBA Photos has suffered damages and irreparable harm and continues to be damaged and irreparably harmed.

## COUNT II
### (Breach of Implied-In-Fact Contract)

18.     Defendant NBA Properties incorporates by reference paragraphs 1 through 17 above, as if fully set forth herein.

19.     NBA Photos offered and submitted to Raphael the terms of the October 1995 Agreement ("Implied-in-Fact Contract").

20.     Raphael accepted the terms of the Implied-in-Fact Contract, as detailed in the October 1995 Agreement, sending NBA Photos certain items, including duplicates of photographs, duplicates of transparencies and black and white contact sheets, accepting a thirty-thousand dollar ($30,000) advance from NBA Photos, and taking photographs for NBA Photos and accepting $300 per day in connection with all such assignments from NBA Photos.

21.     In reliance on Raphael's acceptance of the terms of Implied-in-Fact Contract, NBA Photos has performed or substantially performed all of the obligations, conditions and covenants required of it, except such obligations, conditions and covenants the performance of which has been excused by the conduct of Raphael.

22.     Raphael has breached the terms of the Implied-in-Fact Contract by failing to deliver to NBA Photos a vast majority of Raphael's collection, including originals of Raphael's "AAA" photographs, duplicates of a limited number of "AAA" photographs as to which Raphael was permitted to retain originals, and originals of the remainder of Raphael's collection. Raphael also repudiated all other contractual obligations owed to NBA Photos.

23.     As a direct, foreseeable, and proximate result of Raphael's breach and/or repudiation, NBA Photos has suffered damages and irreparable harm and continues to be damaged and irreparably harmed.

## COUNT III
### (Promissory Estoppel)

24.     Defendant NBA Properties incorporates by reference paragraphs 1 through 23 above, as if fully set forth herein.

25.     By sending NBA Photos certain items, including duplicates of photographs, duplicates of transparencies and black and white contact sheets, accepting a thirty-thousand dollar ($30,000) advance from NBA Photos, and taking photographs for NBA Photos and accepting $300 per day in connection with all such assignments from NBA Photos, Raphael made a promise to NBA Photos which he reasonably should have expected would induce action by NBA Photos to fulfill the terms of the October 1995 Agreement.

26.     NBA Photos reasonably relied upon Raphael's promises, to its detriment.

27.     In reliance on Raphael's promise, NBA Photos has performed or substantially performed all of the obligations, conditions and covenants required of it, except such obligations, conditions and covenants the performance of which has been excused by the conduct of Raphael.

28.     As a direct, foreseeable, and proximate result of Raphael's actions, NBA Photos has suffered damages and irreparable harm, and continues to be damaged and irreparably harmed.

## COUNT IV
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

29.     Defendant NBA Properties incorporates by reference paragraphs 1 through 28 above, as if fully set forth herein.

30.     By virtue of the foregoing, Raphael has breached its implied covenant of good faith and fair dealing.

31.     As a direct, foreseeable, and proximate result of Raphael's breach of its implied covenant of good faith and fair dealing, NBA Photos has suffered damages and irreparable harm, and continues to be damaged and irreparably harmed.

## COUNT V
### (Unfair and Deceptive Acts or Practices, M.G.L. ch. 93A)

32.     Defendant NBA Properties incorporates by reference paragraphs 1 through 31, as if fully set forth herein.

33.     By virtue of the foregoing, Raphael has willfully and/or knowingly engaged in unfair or deceptive acts or practices in the conduct of trade or commerce within the Commonwealth, within the meaning of chapter 93A of the Massachusetts General Laws.

34.     Raphael's acts and promises occurred primarily and substantially in the Commonwealth of Massachusetts.

35.     As a direct, foreseeable, and proximate result of Raphael willfully or knowingly engaging in unfair or deceptive acts or practices in the conduct of trade or commerce within the Commonwealth, Raphael has caused NBA Photos to suffer (i) a loss of money or property within

the meaning of chapter 93A of the Massachusetts General Laws, and (ii) irreparable harm and continues to be damaged and incur irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court:

(1)     Enter a judgment that Raphael breached the October 1995 Agreement;

(2)     Enter a judgment that Raphael breached the implied-in-fact October 1995 Agreement;

(3)     Enter a judgment that Raphael breached his implied covenant of good faith and fair dealing owed to NBA Properties;

(4)     Enter a judgment that Raphael engaged in unfair and deceptive trade practices in violation of chapter 93A of Massachusetts General Laws;

(5)     Award monetary damages for the injuries caused by Raphael's breach of contract, breach of implied-in-fact contract, breach of his promise to NBA Properties, and/or breach of his implied covenant of good faith and fair dealing and/or award specific performance under said agreement(s);

(6)     Enter preliminary and permanent injunctive relief pursuant to, inter alia, Mass. Gen. Laws ch. 93A § 11;

(7)     Award double or treble damages pursuant to Mass. Gen. Laws ch. 93A § 11;

(8)     Award NBA Photos reasonable attorneys' fees, expenses and costs associated with this action pursuant to, inter alia, Mass. Gen. Laws ch. 93A § 11; and/or

(9)     Grant such further relief as is just and appropriate.

## JURY DEMAND

Defendant NBA Properties demands a trial by jury on each and every claim and defense so triable.

Respectfully submitted,

NBA PROPERTIES, INC.
GETTY IMAGES (US), INC., and
PHOTO FILE, INC.,

By their attorneys,

  /s/ Gina M. McCreadie
Nicholas G. Papastavros, BBO No. 635742
Mark D. Robins, BBO No. 559933
Gina M. McCreadie, BBO No. 661107
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110
Tel:  (617) 345-1000
Dated:  November 30, 2006     Fax:  (617) 345-1300